(86 N. W. Rep. 963.)

---

AMERICAN MORTGAGE COMPANY *vs.* MOUSE RIVER LIVE STOCK COMPANY, *et al.*

Opinion filed June 15, 1901.

**Mortgage Foreclosure—Record of Conveyance—Secondary Evidence—Objection.**

Action to foreclose a mortgage upon real estate in McHenry county. Defendant C. A. Prouty alone appeared, and in his answer to the complaint alleges ownership of the land in himself, and further alleges that he purchased the same for value, and in good faith, and without notice, actual or constructive, of the existence of plaintiff's mortgage. To prove title, at the trial defendant offered certain pages of a deed-record book kept in the office of the register of deeds of McHenry county, showing a chain of title. To this evidence objection was properly made to the effect that no foundation had been laid for such evidence. The evidence was excluded in the trial court, and the same is excluded and not considered in this court. *Held,* that neither a record nor a copy of a record of any conveyance of land is admissible in evidence against objection until proof by affidavit or otherwise is made that the original is not in the possession or under the control of the party producing such record or copy. See § 5696, Rev. Codes 1899.

## Objection Need Not be Repeated—When.

The purpose of an objection to testimony is to call the court's attention to the fact that the same is inadmissible under the rules of evidence, and it is accordingly *held* that, where the objection is sustained, and the evidence is excluded, no advantage can be taken of such ruling on appeal upon the ground that the objection was not sufficiently specific. *Held,* further, that where evidence is properly objected to, the objection need not be repeated when other evidence of the same class is offered.

## Defendant Without Title.

*Held* that, the defendant C. A. Prouty having failed to show title in himself by competent testimony, it becomes unnecessary to determine whether he purchased the land in good faith and without notice of the plaintiff's mortgage.

Appeal from District Court, McHenry County; *Morgan,* J.

Action by the American Mortgage Company of Scotland, Limited, against the Mouse River Live Stock Company and others. Judgment for plaintiff, and defendant C. A. Prouty appeals.

Affirmed.

*Cochrane & Corliss,* for appellant.

The law presumes as against an unrecorded mortgage that appellant was a bona fide purchaser for value, without notice. *Roll* v. *Rea,* 50 N. J. L. 264; *Vest* v. *Michie,* 31 Am. Rep. 722; *Wood* v. *Chapin,* 13 N. Y. 509; *Ryder* v. *Rush,* 102 Ill. 338; *Lacustrine* v. *Co.,* 82 N. Y. 476; *Holmes* v. *Stout,* 10 N. J. Eq. 419; *Coleman* v. *Barklew,* 27 N. J. L. 357; *Marshall* v. *Dunham,* 66 Me. 539; *Anthony* v. *Wheeler,* 130 Ill. 128; *Gratz* v. *Improvement Co.,* 82 Fed. Rep. 381; *Hoyt* v. *Jones,* 31 Wis. 389; *Doody* v. *Hollwedell,* 48 N. Y. Supp. 93; *Beman* v. *Douglas,* 37 N. Y. Supp. 859; *Saunders* v. *Isbell,* 24 S. W. Rep. 307; *Red River Land & Imp. Co.,* v. *Smith,* 7 N. D. 236. At the time of the purchase appellant held the promissory note of E. M. Prouty for $5,000, and paid the purchase price, $2,000, by crediting the amount on such indebtedness and endorsing the same upon such note. Appellant extinguished $2,000 of a valid claim against his grantor, and was in the same position as though Prouty had paid him $2,000 on the note and appellant had handed the money back as the consideration on the purchase price of the land. Under these circumstances appellant was a bona fide purchaser for a valuable consideration. *Mayer* v. *Heidelbach,* 123 N. Y. 332; *Wert* v. *Naylor,* 93 Ind. 431; *Murray* v. *Bank,* 49 Pac. Rep. 326; *Clark* v. *Barnes,* 72 Ia. 563; *Adams* v. *Vanderbeck,* 47 N. E. Rep. 24; *Butterfield* v. *Pitcher,* 36 N. J. Eq. 482; *Bunn* v. *Schnellbacher,* 45 N. E. Rep. 227; *Adams* v. *Vanderbeck,* 45 N. E. Rep. 645; *State Bank* v. *Fraine,* 20 S. W. Rep. 620; *Heath* v. *Company,* 39 Wis. 146; 2 Warvell on Vendors, 612; 20 A. & E. Enc. L. 591; Bump on Fraudulent Conveyances, 198. The certificate of acknowledgement to the mortgage in question was

fatally defective. A statement that the person is known to the notary public to be the person who is described in the mortgage as president is not equivalent to a certificate that the person signing is known to be the president. *Tully* v. *Davis*, 30 Ill. 103; *Newman* v. *Samuels*, 70 Ill. 528; *Fell* v. *Young*, 63 Ill. 106; *Murphy* v. *Williamson*, 85 Ill. 149; *Coburn* v. *Harrington*, 114 Ill. 104; *Fryar* v. *Rockerfeller*, 63 N. Y. 268; *Dewey* v. *Campan*, 4 Mich. 565; *Harrington* v. *Fish*, 10 Mich. 415; *Pickney* v. *Burrage*, 31 N. J. L. 21; *Wood* v. *Cochrane*, 39 Vt. 544; *Callaway* v. *Fash*, 50 N. W. Rep. 420; *Hines* v. *Himkin*, 47 N. W. Rep. 818; *Cannon* v. *Deming*, 3 S. D. 421; 53 N. W. Rep. 863; *Davidson* v. *Wellingford*, 32 S. W. Rep. 1030; *Davidson* v. *Company*, 19 So. Rep. 390; *Salman* v. *Huff*, 15 S. W. Rep. 1047; *Holt* v. *Company*, 78 N. W. Rep. 947. It is essential that a real estate mortgage should be recorded to entitle the mortgagee to foreclose by advertisement under the power of sale therein contained. *Holt* v. *Trust Co.*, 78 N. W. Rep. 947; § 5846, Rev. Codes. An instrument with a defective certificate of acknowledgment is not entitled to record and the recording of the same does not constitute constructive notice. Webb on Record Title, § 55; I A. & E. Enc. L. (2 Ed.) 489, 491; *James* v. *Moore*, 14 Am. Dec. 521; *Staples* v. *Shackleford*, 51 S. W. Rep. 1032; *Donovan* v. *Elev. Co.*, 8 N. D. 585; *Abney* v. *Company*, 32 S. E. Rep. 256; *Emmerick* v. *Alvarado*, 27 Pac. Rep. 356; *Cannon* v. *Deming*, 3 S. D. 421; § 648, Civil Code; §3269, Comp. Laws; § § 3564, 3568, 3588, 3589, 3590, Rev. Codes. While the legislature may cure defective acknowledgments, it cannot, under the guise of passing a curative law, divest vested rights. Webb on Record Title, § 97; *McGehee* v. *McKenzie*, 43 Ark. 156; *Thompson* v. *Morgan*, 6 Minn. 292; *Fogg* v. *Holcomb*, 64 Ga. 621; *Green* v. *Drinker*, 7 S. W. Rep. 440; *Newman* v. *Samuels*, 17 Ia. 521; *Brinton* v. *Seevers*, 12 Ia. 389. A validating statute will not operate upon an acknowledgment which has been adjudged defective prior to the passage of the act, even though the case be still pending on appeal. 1 A. & E. Enc. L. (2 Ed.) 566; *Wright* v. *Graham*, 42 Ark. 141; *Ralston* v. *Moore*, 83 Ky. 571; *Barnett* v. *Barnett*, 16 Am. Dec. 516. The rule that one cannot claim to be a bona fide purchaser who claims under a quit-claim deed does not apply where the purchaser claiming to be a bona fide purchaser takes under a warranty deed, and the quit-claim deed is in the chain of title back of his warranty deed. *Winker* v. *Willer*, 54 Ga. 476; *Hubert* v. *Bossart*, 70 Ga. 78; *Snowden* v. *Tyler*, 21 Neb. 199; *Sherwood* v. *Moelle*, 36 Fed. Rep. 478; *United States* v. *Co.*, 148 U. S. 31; *Michael* v. *Border*, 129 Ind. 529; *Finch* v. *Trent*, 22 S. W. Rep. 132. A purchaser even under a quit-claim deed is entitled to protection if he is in fact a bona fide purchaser. Devlin on Deeds, § § 672, 673; *Schott* v. *Dosh*, 68 N. W. Rep. 346; *Wilhelm* v. *Wilkin*, 44 N. E. Rep. 82; *Stanley* v. *Hamilton*, 33 S. W. Rep. 601; *Baylor* v. *Scottish Co.*, 66 Fed. Rep. 631; *Elliott* v. *Buffington*, 51 S. W. Rep. 408; *Smith* v. *McClaim*, 45 N. E. Rep.

41; *Moelle* v. *Sherwood,* 13 Sup. Ct. Rep. 426; *U. S.* v. *Company,* 13 Sup. Ct. Rep. 458.

*John W. Maher* and *M. H. Brennan,* for respondent.

Plaintiff's claim in the former litigation furnishes sufficient information to put a prudent man upon his inquiry as to the existence of outstanding incumbrances regardless of the record in the register's office. Appellant cannot take advantage of the judgment and close his eyes to the information given by the record in the case. *Ferguson* v. *Tarbox,* 44 Pac. Rep. 905; § 5118 Rev. Codes; *Doran* v. *Dazy,* 5 N. D. 167, 64 N. W. Rep. 1023. The consideration for the deed to C. A. Prouty was a pre-existing indebtedness and will not support his claim of being a bona fide purchaser. 16 A. & E. Enc. L. 837; *Pride* v. *Whitfield,* 51 S. W. Rep. 1100; *Richerson* v. *Moody,* 42 S. W. Rep. 317; *Marshall* v. *Marshall,* 42 S. W. Rep. 353; *Hirsch* v. *Jones,* 42 S. W. Rep. 604; *Huff* v. *Maroney,* 56 S. W. Rep. 754; *Freeman* v. *Linsley,* 40 S. W. Rep. 835; *Lillibridge* v. *Allen,* 69 N. W. Rep. 931; *Williams* v. *Williams,* 76 N. W. Rep. 1039; *Howells* v. *Hettrick,* 150 N. Y. 308, 54 N. E. Rep. 677; *Frey* v. *Clifford,* 44 Cal. 335; *Stanley* v. *Schwalby,* 162 U. S. 276. A judgment in ejectment is not a bar to a subsequent action as to the same property. *Evans* v. *Kunze,* 31 S. W. Rep. 123; *Ryan* v. *Fulghin,* 22 S. E. Rep. 940; *Sampson* v. *Mitchell,* 28 S. W. Rep. 768; *Harper* v. *Campbell,* 14 So. Rep. 650; *Newell* v. *Neal,* 27 S. E. Rep. 560; *Dawson* v. *Parkham,* 18 S. W. Rep. 48; *Buford* v. *Adair,* 64 Am. St. Rep. 854.

WALLIN, C. J. This action is brought to foreclose a mortgage upon certain real estate situated in McHenry county, which mortgage was executed on the 15th day of September, 1886, by the defendant Mouse River Live-Stock Company, a corporation, and was delivered to the plaintiff, in whose favor it was made. This mortgage was filed for record and was recorded in the office of the register of deeds of said county on the 10th day of October, 1886, in Book 20 of Mortgages. The complaint states that the defendants Richardson and C. A. Prouty claim an interest in said real estate as purchasers since the recording of said mortgage, and after having notice of the mortgage, and that the other defendants claim an interest in the real estate as tenants of Richardson and Prouty. All of the defendants except C. A. Prouty defaulted, and made no appearance in the action. After a trial in the District Court without a jury, judgment was entered in favor of the plaintiff, from which judgment C .A. Prouty has appealed to this court, and demands a trial anew in this court.

The defendant C. A. Prouty, in his answer to the complaint, alleges that he is the owner in fee simple of the real estate described in plaintiff's mortgage; that he purchased the same in good faith, for a valuable consideration, and without notice of the mortgage,

actual or constructive, for a consideration of $2,000, which amount defendant states was paid to one E. M. Prouty by giving him credit for $2,000, and indorsing that amount on a certain promissory note for $5,000 held by the defendant, and signed by E. M. Prouty. The answer further alleges that E. M. Prouty was seized of a fee-simple title to the land on the 24th day of February, 1894, and was then in possession of the land, and that on said day and for said consideration E. M. Prouty executed and delivered to him a deed of warranty of said land, with full covenants, and that said deed was duly recorded in the office of the register of deeds of McHenry county, and that he (the said C. A. Prouty) now owns the land, and claims title under said deed of E. M. Prouty. To sustain the allegation of his answer, C. A. Prouty offered certain evidence at the trial to establish a chain of title to the land extending from the mortgagor, the Mouse River Live-Stock Company, to himself. The register of deeds of McHenry county was called as a witness by the defendant, and produced a certain deed-record book, which he identified as an official record in his office, whereupon the defendant offered in evidence what purported to be the record of a warranty deed recorded on page 566 of said record book, and which deed, according to the record, was dated on the 24th day of February, 1894, and purported to be the deed above described, conveying the title of the land from E. M. Prouty to C. A. Prouty. To the introduction of this evidence the plaintiff, by its counsel, objected as follows: "Objected to as incompetent, irrelevant, immaterial, and no foundation laid; does not appear that E. M. Prouty had any record title, or any title whatever." Counsel for defendant then offered in evidence page 366 of said record book, on which page a quit-claim deed of the premises appeared to be recorded from the Mouse River Live-Stock Company to E. M. Prouty and L. B. Richardson, and dated June 15, 1888, and recorded on the day of its date. Plaintiff's counsel objected to the introduction of this evidence as follows: "Objected to as incompetent, irrelevant, and no foundation laid, and not appearing that the original is lost; and furthermore, the acknowledgment not being in accordance with the requirements of the statute, there being in fact no acknowledgment to the paper in question, and the same not being entitled to record." Counsel for the defendant next offered in evidence the record of a quit-claim deed as recorded in said record book, and appearing to be a deed from L. B. Richardson to E. M. Prouty, dated the 10th day of May, 1893, and describing the land in controversy, which deed was recorded on the 14th day of April, 1894, on page 570 of said record book. To this evidence the plaintiff, by its counsel, interposed the following objection: "Objected to as incompetent, irrelevant, and immaterial; not appearing that L. B. Richardson had any record title, or any title." The evidence offered shows that the certificate of acknowledgment appended to the plaintiff's mortgage is as follows: "Territory of Dakota, County of Ramsey—ss: On this 15th day of September, in the year one thousand eight hundred

and eighty-six, before me, Harry L. Prescott, a notary public in and for said county and territory, personally appeared John McKelvey, known to me to be the person who is described in the within mortgage, as president and manager of the·within-named corporation, and who signed said mortgage as president and manager of said corporation, and he acknowledged that said corporation executed the same, and who executed the within and foregoing instrument, and acknowledged to me that he executed the same. Harry L. Prescott, Notary Public, Dakota Territory. [Notary Seal.]"

The statutes in force governing the acknowledgment and certification of instruments at the time in question are found in § § 3269, 3272, and 3288 of the Comp. Laws of 1887. It is tacitly conceded by counsel that the acknowledgments of the mortgage and of the deed to Richardson and E. M. Prouty, as certified to by the respective notaries, are insufficient, under the statute, by reason of such defective acknowledgments, and that neither of said instruments was entitled to be recorded, and that, when actually recorded in the office of the register of deeds, such records could not operate as constructive notice to the public of the existence of either said mortgage or said deed. Construing the same provisions of the statute, the Supreme Court of South Dakota has reached the conclusion that an instrument not acknowledged as prescribed by the statute is not entitled to record, and that, when recorded in fact, the same does not operate as notice to the public. See *Cannon* v. *Deming*, 3 S. D. 421, 53 N. W. 863. The phraseology of the two certificates of acknowledgment is slightly different, but the defect is substantially the same in both. The two instruments purported to be executed by a corporation, but it does not appear from the certificates appended to either instrument that the individuals who acknowledged the same were in fact officers of the corporation, or were known to be such by the notaries who took their acknowledgments. Without further discussion, we shall hold that the record of the deed and mortgage executed by the live-stock company did not operate as constructive notice to the public. See *Donovan* v. *Elevator Co.*, 8 N. D. 585, 80 N. W. Rep. 772, and *Emeric* v. *Elvarado*, 27 Pac. 356. But counsel for C. A. Prouty contend that the defective acknowledgment was cured as to the deed to Richardson and E. M. Prouty by an act of the legislative assembly embraced in Chap. 1 of the Laws of 1895. By the terms of this statute, acknowledgments of deeds and other instruments taken and certified previous to January 1 1895, and which had been recorded in the proper counties prior to said date, are "declared to be legal and valid in all courts of law and equity in this state or elsewhere, anything in the laws of the territory of Dakota or state of North Dakota in regard to acknowledgments to the contrary notwithstanding: *provided* that nothing herein contained shall in any manner affect the right or title of any bona fide purchaser without notice of such instrument, or record thereof, for a valuable consideration, of any such property or real estate, prior to January 1st, 1895," etc. As

has been seen, the defendant C. A. Prouty alleges in his answer that he purchased the land in question and recorded his deed prior to the date at which said act of 1895 took effect, and hence was in a position to claim that his title comes within the benefits of the statute; and that under the statute the deed to E. M. Prouty and L. B. Richardson, and the other deed from Richardson to E. M. Prouty, and that from the latter to C. A. Prouty, were, at the time of the trial, legally of record, and that the validating effect of the curative enactment related back to the several dates upon which the deeds defectively certified were filed for record with the register of deeds. We are disposd to sustain this contention of counsel as sound, and upon this view of the effect of the curative statute we will now proceed to consider whether the record of the several deeds was competent evidence of the execution, delivery, and contents thereof. Counsel for the plaintiff contends that the record was not competent as evidence of the execution and delivery of the deeds, as against his objections to such records as above set out. If this objection must be sustained, it will necessarily follow that the defendant C. A. Prouty wholly failed to show at the trial that he has now, or ever had, any right, title, or interest in the premises covered by the plaintiff's mortgage. In support of this contention respondent's counsel cite a provision of the Code of Civil Procedure which reads as follows: "Every instrument conveying or affecting real property acknowledged or proved and certified as provided in the Civil Code may, together with the certificate of acknowledgment or proof, be read in evidence in an action or proceeding without further proof; the record of such instrument or a duly authenticated copy of the record may also be read in evidence with the like effect of the original on proof by affidavit or otherwise that the original is not in the possession or under the control of the party producing such record or copy." Rev. Codes, § 5696. It will be noticed that the first feature of this section embraces a rule of evidence quite familiar to the profession. It declares, in effect, that the original instrument, when so certified or proved, may be read in evidence "without further proof." If the original is produced in court, so certified, no evidence aliunde is needed to vouch for its genuineness. It proves itself without preliminary or additional evidence to give it competency. But, when only a record or copy of the record is offered in evidence, a different rule is laid down by the statute; and, as we read the statute, neither a record of the original nor a copy of the record is admissible in evidence against objection without certain preliminary proof being submitted to give competency to such secondary evidence. But, when the proof prescribed in the statute has been furnished, the copy of the record or the record becomes competent evidence of the execution, delivery, and contents of the original, and for these purposes the record or copy of the record—the requisite proof being made—"may be read in evidence with like effect as the original. The statute is much more liberal than the common-law rule of evidence governing the

matter of proving the existence and contents of an original instrument not produced in court. At the common law due deligence must be first shown in searching for the original, and in explaining by testimony why it is not offered in evidence. But under the more liberal rule laid down in § 5696 it is only necessary to submit to the court proof "by affidavit or otherwise that the original is not in the possession or under the control of the party producing such record or copy." But this proof is clearly required before the secondary evidence becomes competent, and there is nothing in the statute lending countenance to the idea that a record or a copy is competent as against objection until the prescribed proof is first submitted.

Reverting to the several objections made to the introduction of the record proof as above set out, we discover that the same was sufficiently full and specific to call the attention of the trial court to the grounds of the plaintiff's objection to the several records when the same were offered in evidence. When the record of the deed to Richardson and E. M. Prouty was offered, it was objected to as "incompetent, irrelevant, and no foundation laid, and not appearing that the original is lost." This language invites attention particularly to the fact that the proof offered was, when it was offered, incompetent, and that the proper foundation had not been laid for its introduction. The only foundation which could be laid, under the statute, was proof that the original deed was not in the possession or under the control of C. A. Prouty. When the record of the deed from Richardson to E. M. Prouty was offered, the general objection of incompetency and irrelevancy was interposed, and as a further ground it was urged that it did not appear that L. B. Richardson had any "record title, or any title." This, in our judgment, was, under the attending circumstances, equivalent to a reiteration of the objection made to the record of the deed which had just previously been offered in evidence. It pointedly called the attention of defendant's counsel to the fact that he had not, at that time, shown that Richardson had title of any kind, and hence could convey none; and at this time counsel and court had been fully advised of the fact that the plaintiff objected to the competency of the evidence offered to show title in E. M. Prouty and Richardson, and were advised fully of the grounds of plaintiff's objections. The record of the deed from E. M. Prouty to C. A. Prouty, when offered in evidence, was objected to generally, and on specific grounds. There was a general objection that said deed was incompetent, and to this was added the specific objection that no "foundation" had been laid, and that it did not appear that E. M. Prouty "had any record title, or any title whatever." Defendant was chargeable with notice that, when he offered a record of an original instrument in evidence, preliminary proof is needed as a foundation for such secondary evidence; and in this case the attention of defendant's counsel was called to the fact that the proper foundation had not been laid. The record pages of the several conveyances were offered at one time, and directly following each other; hence

reiterated objections were unnecessary. All the evidence being of the same quality and class, one objection to all of it would have been sufficient. See *Whitney* v. *Traynor*, 74 Wis. 289, 42 N. W. Rep. 267; *Sharon* v. *Sharon*, 79 Cal. 633, 22 Pac. 26, 131. But it is further true that, if the objections to the evidence were amenable to judicial criticism,—and they are not,—they have nevertheless served their purpose. The objections were all sustained by the court below, as is conclusively shown by the finding that C. A. Prouty did not own the land; and this court has also sustained the objections. When an objection to evidence is sustained, the point cannot be raised on appeal that it was not sufficiently specific. See *Hulburt* v. *Hall*, 39 Neb. 889, 58 N. W. Rep. 538.

Upon the record we deem it unnecessary to offer anything further in support of the obvious conclusion that the evidence offered at the trial signally failed to show that C. A. Prouty has, or ever had, any title to or interest in the land involved in this action. The trial court reached this conclusion upon the evidence, and we have been compelled to reach the same conclusion. But to avoid the very serious consequences to the defense which must necessarily result from the failure of the defendant to prove that he has any interest in the lands involved, counsel for appellant contend in this court that the plaintiff, in submitting its own testimony, has brought upon the record sufficient oral evidence to establish the necessary chain of title showing that C. A. Prouty is vested with title to the lands. Counsel claim that the chain of title is established by the deposition of L. B. Richardson, which was put in evidence by the plaintiff. It therefore becomes necessary to consider said deposition, and to do so intelligently the deposition must be examined in the light of the issues made by the pleadings. We have seen that C. A. Prouty alone answered the complaint, and that as affirmative matter he pleaded that he was a good-faith purchaser of the land from E. M. Prouty, without notice of the mortgage, and that E. M. Prouty had conveyed the land to him by a deed of warranty. These allegations were in issue. Hence it became proper and necessary for the plaintiff to be prepared at the trial, as far as he could be prepared, to dispute by evidence any testimony which the defendant might offer to establish the defense as set out in the answer, viz. that C. A. Prouty owned the land, and was a bona fide purchaser thereof, without notice of plaintiff's mortgage. We have carefully perused the deposition, and are quite clear that it was offered for the sole purpose of showing that C. A. Prouty was not a purchaser of the land in good faith, and without notice of plaintiff's mortgage. Plaintiff offered considerable testimony from other witnesses for the same purpose, and all of such testimony was entirely pertinent to the issue of a good-faith purchase, without notice, as tendered by the answer. It is, moreover, transparently clear that plaintiff did not intentionally volunteer any evidence tending to sustain the burden resting upon the defendant, which burden defendant had expressly assumed and pleaded by his answer. In disproving the alleged purchase in good

faith, it was very important to plaintiff to show that E. M. Prouty bought the land with full knowledge of the existence of plaintiff's mortgage, because, if E. M. Prouty bought without notice of the mortgage, then his grantee could stand securely on title acquired in good faith by E. M. Prouty. Upon this point, see *Investment Co.* v. *Smith,* 7 N. D. 236, opinion 240, 74 N. W. 194. The deposition of Richardson showed conclusively that E. M. Prouty and Richardson, when they purchased the land on September 15, 1888, had actual notice of the existence of the plaintiff's mortgage, and this was the obvious purpose of the evidence. But in testifying as to such notice it became necessary for the witness to detail the circumstances surrounding the purchase of the land. In doing so Richardson spoke of the deed of conveyance, and at this point said: "My remembrance is that the deed for the land purchased was signed by the Mouse River Live-Stock Company, a corporation, by McKelvey, and also by J. G. Hamilton. The deed ran to E. M. Prouty and myself." The witness further said: "The only purchase of land made by me in company with E. M. Prouty in McHenry county, North Dakota, from the Mouse River Live-Stock Company or John McKelvey was the land I stated that I and E. M. Prouty purchased on or about June 5, 1888." The witness further testified that there was a mortgage on the land, and that he "understood that the mortgage ran to the plaintiff in this action;" also that the amount of the mortgage was taken into consideration in the purchase of these lands. Enough of the deposition has been set out to show that the evidence contained in the same tended to establish two facts, viz: First, that Richardson and E. M. Prouty, about June 5, 1888, purchased the land in question from the Mouse River Live-Stock Company, and received a deed for the same; second, that Richardson and E. M. Prouty purchased the land with actual notice of the plaintiff's mortgage. In the nature of things, it is obvious that it would have been impracticable for the plaintiff to have shown by evidence that Richardson and E. M. Prouty bought the land with actual notice of the plaintiff's mortgage without referring to the collateral, but vital, fact of their purchase of the land. The deposition should have been withheld until defendant made proof of title. Strictly speaking, the evidence contained in it was only rebutting as against the testimony of C. A. Prouty that he bought the land without notice. But the order of proof is ordinarily a matter within the discretion of the trial court, and in this case no point is made as to the order of proof. It is true, and entirely elementary, that testimony which is inadmissible, but which is introduced without objection, will be considered in support of any fact which the evidence is competent to prove. But in this case the evidence in the deposition was not vulnerable to objection. It was strictly admissible testimony upon the issue of a good-faith purchase without notice of the mortgage. Hence this is not a case where the evidence would have been ruled out if objection thereto had been made upon the ground that it was not competent to show title. It certainly was not, and equally

certain that it was not offered to show title. But, if it were conceded—and it is not ·conceded—that the oral evidence offered by plaintiff for another purpose, and one purely collateral, is competent to show, and does show, that on June 5, 1888, E. M. Prouty and L. B. Richardson became vested with title to the land, what effect would that fact have upon the defense set out in the answer? The fact that certain parties in the chain of defendant's alleged title at one time owned the land is unavailing as proof of title unless it is followed by other testimony showing that the defendant now asserting title is in fact vested with the title. No claim is made by appellant's counsel that the plaintiff offered any evidence tending to show that E. M. Prouty and L. B. Richardson, or either of them, ever conveyed the title to C. A. Prouty, and we have already shown that the defendant has omitted to offer any competent evidence that C. A. Prouty is now vested with title. It is claimed that L. B. Richardson quit-claimed his interest in the land to E. M. Prouty by a deed dated May 10, 1893, and that E. M. Prouty conveyed to C. A. Prouty by a deed of warranty dated February 24, 1894. If these claims had been established as facts by competent evidence, it would then have been necessary to consider and determine an additional · question of fact, viz. the question of the good faith of C. A. Prouty in making the purchase, which question was decided adversely to him in the court below. But the question of good faith in the alleged purchase drops out and becomes immaterial in the absence of proof of the primary fact of purchase.

Other questions of much interest are embraced in the record, and they have been exhaustively discussed in the briefs of counsel filed in this court, but none of the same will require the attention of the court in deciding the case in view of the conclusion already stated to which the court has been led. C. A. Prouty having failed to show any title or interest in the land described in the plaintiff's mortgage, he is without standing in court to contest the foreclosure of the mortgage. The judgment of the District Court will be affirmed. All the judges concurring.

MORGAN, J., having presided at the trial in District Court, did not sit in the case, nor participate in the decision; FISK, J., of the First Judicial District, sitting by request.