# FARMERS' EQUITY EXCHANGE, a Corporation, Respondent, v. PETER BLUM, Appellant.

## (166 N. W. 822.)

In an action brought to recover damages from a vendor, occasioned by the sale of grain to which vendor had no title and of which the vendee had been deprived in a suit brought against him by the owner, it is *held:*

**Sale of grain — by one having no title — damages — action for — judgment in former suit — admissible — evidence.**

1. That the judgment in the former suit against the present plaintiff is admissible for the purpose of showing that he had been deprived of the grain.

**Purchase of land — contract for — reservation of title to grain grown — by grantor — as security for purchase price — evidence.**

2. A contract for the purchase of land upon which the grain was grown, in which the vendor reserved title to the grain grown thereon in security for the payment of the purchase price, was properly admitted in evidence for the purpose of showing lack of title in the defendant.

**Land sale contract — execution of — fraud in — not affecting strangers thereto — not proper evidence — title to grain — from same source.**

3. Evidence offered to show fraud in the execution of the land sale contract was inadmissible where both plaintiff and defendant were strangers to the contract, where both derived the title to the grain from the purchaser of the land, and where the purchaser had not attempted to avoid the contract on the ground of fraud. Such evidence would establish that the contract was at most voidable, and not void.

**Recorded contract — for sale of land — record of — proper evidence — original not produced — not accounted for.**

4. Sections 5597 and 7916, Comp. Laws 1913, construed and *held* to permit the introduction in evidence of a record of a recorded contract for the sale of land, without accounting for the nonproduction of the original contract.

**Complaint — deceit — implied contract — defendant apprised of claim — sufficient — damages — for breach of warranty.**

5. Though a complaint sounds in deceit, rather than implied contract, where it is sufficient to apprise the defendant of the nature of the claim made, and where the evidence supports a recovery of damages for breach of warranty of title, the judgment is within the issues presented for trial.

**Evidence — verdicts — supported by.**

6. Evidence examined and *held* sufficient to support the verdict of the jury.

Opinion filed December 18, 1917.   Rehearing denied February 20, 1918.

Appeal from the District Court of Hettinger County, *W. C. Crawford*, J.

Affirmed.

*Charles Simon*, for appellant.

A fact or question which was actually and directly in issue in a former suit and was there judicially passed upon, is conclusively settled by the judgment therein so far as concerns the parties to that action and persons in privity with them. 23 Cyc. 215.

To constitute a judgment an estoppel, there must be an identity of parties and subject-matter. 23 Cyc. 1237, 1240; A. T. Albro Co. v. Fountain, 15 App. Div. 351, 44 N. Y. Supp. 150; Knickerbocker v. Worthing, 138 Mich. 224, 101 N. W. 540; Nelson v. Illinois R. Co. 98 Miss. 295, 31 L.R.A.(N.S.) 689, 53 So. 619; Goldberg v. Sisseton Loan & Title Co. 24 S. D. 49, 140 Am. St. Rep. 775, 123 N. W. 266; Grand Forks v. Paulsness, 19 N. D. 293, 40 L.R.A.(N.S.) 1158, 123 N. W. 878; State v. Coughran, 19 S. D. 271, 103 N. W. 31; McPherson v. Julius, 17 S. D. 98, 95 N. W. 428.

The original contract is the best evidence. The record thereof cannot be used unless a foundation is laid showing among other things that the original cannot be produced. American Mortg. Co. v. Mouse River Live Stock Co. 10 N. D. 290, 86 N. W. 965; Conrad v. Adler, 13 N. D. 199, 100 N. W. 722; McClerry v. Lewis, 104 Me. 33, 19 L.R.A. (N.S.) 442, 70 Atl. 540; Durkin v. Cobleigh, 17 L.R.A. 272, note.

*Thos. H. Pugh* and *Otto Thress*, for respondent.

The verdict will not be disturbed merely because there is a conflict in the evidence. In a proper case, like the one at bar, questions of fact are for the sole consideration of the jury, and when a jury has once passed upon them, its finding and verdict are conclusive. Lowry v. Piper, 20 N. D. 637, 127 N. W. 1046; Nilson v. Horton, 19 N. D. 187, 123 N. W. 397; Libby v. Barry, 15 N. D. 286, 107 N. W. 972.

BIRDZELL, J. This is an appeal from a judgment in favor of the plaintiff, and from an order denying a motion for a new trial, in an action brought to recover damages occasioned by a sale to the plaintiff by the defendant of certain grain, for the conversion of which the plaintiff was subsequently held liable in damages at the suit of one Charles H. Stoffel. It appears that Stoffel entered into a contract

with one George Doerner, in November, 1910, to sell to him the northeast quarter of section 21, township 136, range 96, upon a combined money consideration and crop payment plan. It was stipulated in the contract that the title to all the grain raised upon the land was to remain in Stoffel until sold, and when sold the proceeds were to be applied to the payment of interest, taxes, and principal. This contract was duly recorded in the office of the register of deeds. Doerner paid some cash, entered into the possession of the land, farmed it from year to year, and turned over the crops or part of them to Stoffel under the contract. This controversy arises over the crop raised in 1914. During this year it appears that Doerner raised 1,415 bushels wheat, part of which was delivered to Stoffel, and the remainder, amounting to some 785 bushels, was disposed of to other parties. It is claimed that the defendant herein obtained some 400 bushels of that portion of the grain that was not delivered to Stoffel, and that he sold the same either as his own or as that of Doerner to the plaintiff, which operates an elevator in New England. In February, 1915, the plaintiff was sued by Stoffel for the conversion of the grain which it had bought of other parties, the title to which had been reserved in Stoffel. The jury returned a verdict in favor of Stoffel for $775, upon which judgment was entered and later satisfied. This action was brought against Blum as one of the persons who had obtained and sold to the plaintiff a portion of the grain on account of which plaintiff was compelled to pay the judgment in favor of Stoffel. In the court below the action resulted in a verdict against the defendant for $290, and interest, upon which judgment was entered. Upon this appeal appellant relies for reversal upon rulings in regard to the admissibility of evidence and upon the instructions of the trial court to the jury. He also contends that there is no evidence admissible under the pleadings, upon which the verdict of the jury could be predicated. The specific rulings and instructions upon which the errors are predicated will be referred to in the order in which they are discussed in the appellant's brief.

It is claimed that the court erred in sustaining an objection to a question directed to Doerner, asking whether or not one Graeber, Stoffel's agent, had read and explained to him the contract for the sale and purchase of the land at the time it was entered into. The court sustained the objection on the theory that the judgment in the action by

Stoffel against the plaintiff was conclusive and binding upon the parties as to the terms of the contract. It matters little whether the trial court gave a correct reason for sustaining the objection to this testimony. The evidence was clearly inadmissible in this case between strangers to the contract and under the issues framed by the pleadings. It was by virtue of the terms of that contract that Stoffel was enabled in the former action to recover from his plaintiff. Plaintiff's title to the grain was disproved in that action, and in this case we are not concerned with the contract for the sale of the land further than to note that its provisions deprived the plaintiff of the grain he had purchased from Blum.

Furthermore, the same contract is in evidence in this case, and under its terms the title to the grain was in Stoffel, and could not have been either in Doerner or in his vendee, Blum. The contract cannot be reformed in this action or made to convey a meaning not warranted by its terms. It appears that Doerner was a witness in the former case, and he must have known as much about the fraud perpetrated upon him, if any, in inducing him to enter into the contract as he knew at the time of this trial. The most that can be urged against the contract is that it is voidable, not void, and under its terms the title to the grain vested in Stoffel, and would not be devested until the contract were rescinded by Doerner. There is no contention that this was even attempted. Nor could a rescission or reformation be properly decreed as against a good-faith purchaser from Stoffel; and this plaintiff, having paid to Stoffel a judgment based upon the value of the goods, occupies as favorable a position as though a purchaser of the goods from Stoffel. Plaintiff's good faith in the transaction is not questioned.

It is next contended that the court erred in admitting in evidence the record of the Stoffel-Doerner contract, without first requiring the plaintiff to account for the nonproduction of the original contract. In this connection appellants rely upon the case of American Mortg. Co. v. Mouse River Live Stock Co. 10 N. D. 290, 86 N. W. 965, and other cases adhering to a similar rule. The decision of this question in the case of American Mortg. Co. v. Mouse River Live Stock Co., supra, was based upon statutory provisions entirely different from those now governing the question. That decision was based upon § 5696 of the Revised Codes of 1899, which provided expressly that the record of a

recorded instrument, or a duly authenticated copy of the record, may be read in evidence with like effect as the original, *"on proof, by affidavit or otherwise, that the original is not in the possession or under the control of the party producing such record or copy."* Section 3597, Comp. Laws 1899, also provided expressly that the recording of an instrument did not entitle the instrument *"or record thereof, or the transcript of the record, to be read in evidence."* Section 5696, Revised Codes of 1899, is still in force as § 7916, Comp. Laws 1913, but § 3597 was amended in 1901 (Sess. Laws 1901, chap. 145), so that it now reads as follows (Comp. Laws 1913, § 5597): "The recording and deposit of an instrument approved and certified according to the provisions of §§ 5549, 5569, 5570, 5571, and 5572 are constructive notice of the execution of such instrument to all purchasers and encumbrancers subsequent to the recording; and all instruments entitled to record, the record thereof, or a duly certified transcript of such record, or copy of such instrument, *shall be admissible in evidence in all the courts of this state, and may be read in evidence without further proof."* It requires no argument to demonstrate that the record of an instrument entitled to be recorded, and which is recorded, is admissible in evidence under the above section without further proof, and that the rule in the case of American Mortg. Co. v. Mouse River Live Stock Co. is to that extent altered by legislation.

It is next contended that the court erred in striking out certain testimony of Doerner, relating to his understanding of the contract between him and Stoffel. This testimony was properly stricken out, as, in this case, we are only concerned with the contractual relations between Doerner and Stoffel to the extent that they afforded the occasion for the judgment against the plaintiff which deprived it of the benefit of the property it had obtained from Blum. If this action were between Doerner and Stoffel, and issues were involved looking toward a reformation or cancelation of the contract, other considerations would enter in and the rule invoked by the appellant here would be applicable.

The appellant complains of the instructions of the trial court wherein the court instructed the jury that the action was in the nature of an action for the recovery of money had and received in payment for certain grain defendant sold to the Farmers' Elevator Company, and to which grain he had no title. Also wherein the trial court told the jury

in substance that the judgment in the previous action of Stoffel against the elevator company was a binding adjudication of the rights of the parties under the Stoffel-Doerner contract, and that it determined Stoffel's ownership of the grain. It is true that the complaint seems to have been drawn upon the theory of deceit, rather than upon the theory of implied contract, but the complaint is nevertheless sufficient to apprise the defendant of the exact nature of the claim made, and the defendant is in no position to complain of an instruction that ignores the theory of deceit and limits the plaintiff's recovery to the amount actually paid out by the plaintiff to the defendant for grain sold to it by the defendant and which was grown upon the Stoffel land.

As to that portion of the instruction which embodies a reference to the adjudication in the Stoffel action against this plaintiff, little need be said in addition to what has been stated heretofore in this opinion. While it is true that Blum was not a party to that judgment, and is not bound by it in so far as it imposes liability, the judgment was nevertheless admissible as heretofore pointed out. No prejudice could have resulted from this instruction, as, under the terms of the contract which Blum is not in a position to dispute for the reasons hereinbefore set forth, the jury could not have done otherwise than to have found the title in Stoffel.

It is also contended that there is no evidence supporting the verdict of $290.10 against Peter Blum, but that, on the contrary, the evidence establishes conclusively that Peter Blum received but $120.10 in payment of three loads of the six, upon which the verdict is based. The evidence of Van Burgen, the elevator man, is to the effect that the scale tickets were made out to the order of Peter Blum, but that when Blum came in for his check Van Burgen told him that, inasmuch as there was some controversy about the ownership of the grain, he would draw a check in favor of Doerner, and that Blum could get Doerner to indorse the check; that he asked Blum if that would be all right, to which Blum replied in the affirmative. The circumstances of the sale were fully presented to the jury, and, from all the facts and circumstances surrounding the transaction, we believe the jury were warranted in finding that Blum sold the grain as his own, and merely consented that the check should be drawn in favor of Doerner.

A careful perusal of the affidavits submitted in support of the mo-

tion for a new trial convinces us that the trial court did not err in deny-
ing a new trial. After considering all of the assignments of error which
were argued in appellant's brief, we are convinced that the judgment is,
correct and should be affirmed.

It is so ordered.

GRACE, J. I dissent.

ROBINSON, J. (dissenting). This is an appeal from a judgment,
against defendant for the value of 296 bushels of wheat at 98 cents per
bushel. This wheat he sold to the elevator company, receiving pay-
ment in a check payable to the order of George Doerner. The claim is
that he had no title, and that by suit and judgment the company was
compelled to pay another party for the same wheat, and also that the
judgment against the company is conclusive that defendant had no title
to the wheat. And, contrary to the fundamental principles of law, it
has been held that defendant is concluded by a judgment in the suit
to which he was not a party or a privy.

In each of said actions, the complaint and the evidence show that in
November, 1910, Stoffel agreed to sell to George Doerner a quarter sec-
tion of land for $4,400 in cash and crop payments. The contract is in
writing and in the form quite usual in cropping contracts. It is agreed
that legal title to all grain raised on the land during each year shall
be in the owner of the land. As the contract regarding the title of the
grain was made to secure payments, it was in effect a chattel mortgage.
It gave the landowner merely a lien on the grain, but it was not execut-
ed and filed as a chattel mortgage. It was recorded, but the record is
not noticed to subsequent purchasers. Under this contract Doerner
farmed the land during the years 1911, 1912, 1913 and 1914. During
the last year he raised on the land 1,415 bushels of wheat. He gave
Stoffel about half of the wheat, and from the remaining half he gave
Peter Blum 296 bushels, which he sold the company at 98 cents per
bushel, receiving a check payable to the order of George Doerner.
Doerner sold the elevator company the remainder of the wheat.

On February 16, 1912, Stoffel, the owner of the land, commenced an
action against the company to recover the value of the wheat purchased
from Doerner and from Peter Blum, and recovered a judgment ·for

$775.50 and costs. That action was commenced by serving a summons and complaint on the secretary of the company, who gave an admission of service and retained Otto Thress to appear as his attorney. Then on February 25, nine days after the service, an order was made for the entry of judgment. The judgment roll is in evidence, and it contains the summons, complaint, the order for judgment, and the judgment and the check given to Peter Blum in the name of George Doerner, and indorsed by George Doerner, but the judgment roll contains no answer by the company. It shows no defense, but it does show marks of collusion and a design to permit judgment in haste, and then to bring an action against Doerner and an action against Blum by the same attorney who permitted the hasty and collusive judgment against the company. It is true that, in said rush action, George Doerner and Peter Blum were subpœned and appeared as witnesses for the plaintiff, but they were given no opportunity to defend the action and there was no bona fide defense. Pter Blum is a poor, ignorant man, who cannot speak or read English. When called as a witness, the chances are he knew nothing of the nature of the proceeding.

Regardless of the cropping contract, the court should take judicial notice of the conditions governing such contracts. The cropper is never a capitalist. He cannot live on air. He cannot produce a crop without using a part of it to finance the deal. Those who furnish seed wheat, do work to produce or thresh a crop, have a lien for the same, and they have a right to receive pay from the crop they aid in producing. Peter Blum did such work, and he had a right to his three loads of wheat. Stoffel got his share of the wheat. He had no right to hog it all.

In regard to the law of the case it is this: 1. An express grant of title conveys merely a lien when it is made to secure a debt; and a lien, or contract for a lien, conveys no title to the property subject to the lien. Comp. Laws, § 6709. 2. When a party brings an action to recover on a lien, he must state the amount due on the lien to show the extent of his interest in the property. 3. When a party has a lien on lands and crops, a subsequent purchaser or lien holder may protect himself by paying and acquiring the prior liens, and in that manner the company might well have protected itself. 4. The complaint in this action against Peter Blum and the former complaint against the

company failed to state a cause of action. Neither complaint shows that anything is due to Stoffel on the land contract. The cash payment and the crops of three years may have paid the price of the land. Neither the complaint nor the evidence shows anything due on the contract. 5. Peter Blum was in nowise bound by the judgment against the company, even if it were not a collusive judgment, and still the trial court held that judgment binding on all parties. In a collusive action against the company, it seems there was a jury, and in this action the court instructed the jury thus: "The court instructs you as a matter of law that in a previous action by which a verdict of the jury determined the rights of the parties under the previous contract is binding, and that judgment adjudicating as to the rights under that contract, and under the contract Stoffel is entitled to the possession and was the owner.

"The court instructs you as a matter of law the previous judgment adjudged them to pay directly to the original owner of the grain under the contract, so that now, from the evidence, has the plaintiff established that the defendant procured grain from George Doerner raised on the quarter section described in the complaint. If so, how much and what was paid therefor? Then they are entitled from Peter Blum that amount back." Thus the court directed a verdict against Blum, and that was gross error.

The judgment is binding only on the parties to the action or their privies, and a privy is one who stands in the shoes or seat of one from whom he derives his title. A privy to a deed or judgment takes as an heir or by title subsequent to the deed or judgment. To say that Blum is in any way concluded or bound by judgment recovered against Doerner, subsequent to the sale and delivery of the wheat to Blum, is contrary to the first principle of law. Manifestly the judgment should be reversed and a new trial ordered.

## On Petition for Rehearing.

BIRDZELL, J. In the petition for rehearing, counsel for the appellant emphasizes his contention that the evidence is insufficient to support the verdict, for the reason that it appears that the grain for which the check of $290.10 was given was delivered to the elevator by Blum

before the threshing had been done upon the Stoffel land. It is true that there is strong testimony tending to show that the grain which Blum hauled to the plaintiff elevator and for which he was paid by the check, exhibit "A" in this action, was grown on other land, but there is also testimony, which went in without objection, from which the jury would be warranted in finding that the check in question covered grain that had been hauled from the Stoffel land. In the state of the record in this case, that question was a question for the jury, and they have decided it contrary to the appellant's contention. We do not feel warranted in disturbing the verdict.

The petition for rehearing is accompanied by a certified statement from the clerk of the district court of Hettinger county, to the effect that the plaintiff in this action obtained a judgment against George Doerner for the sum of $1,234.28, and costs, which was docketed on February 29, 1916, and satisfied on May 8, 1917. The certificate does not identify the cause of action in which the latter judgment was obtained as embracing the cause upon which the recovery of the plaintiff in this action was based. Even if the cause of action in the instant case were embraced in the judgment referred to, such fact would constitute no ground for the reversal of the judgment of the trial court or the granting of a rehearing herein. If the appellant's contention as to the identity of the causes of action, however, is correct, when the fact is established in the district court, in a proper proceeding, the respondent herein would be precluded from enforcing the judgment rendered in this action. Obviously, a judgment creditor who obtains separate judgments against separate defendants for a single cause is entitled to but one satisfaction.

The petition for rehearing is denied.