The opinion of the court was delivered by '
Brewer, J.:
This was an action brought by the defendant in error, to recover damages for personal injuries. It appears from the testimony that while sitting in a car belonging to the defendant, the same was bumped violently against another, and plaintiff thrown forward and struck over the •eye. For this injury she brought this action, and recovered a judgment in the sum of $1,000. There is but one serious question in the case, and that arises upon the ruling of the court in respect to the testimony. The fact that the train of cars upon which plaintiff was riding was hired by one Richter, as an excursion train, constitutes no defense to the company. The fact of the inj ury is beyond dispute, and no explanation given of the cause of the collision. Hence obviously the company is liable for the injury occasioned thereby, and the only doubtful question for the jury to pass upon was the amount of damages. While the injury to Mrs. Frazier was not apparently a serious one, yet her claim was that by the blow just above the eye a nerve was injured, producing traumatic neuralgia of a permanent character.
After the plaintiff had testified as to the injury and its results, five physicians were severally sworn, and testified that they had made an examination of her, and were of the opinion that she had traumatic neuralgia, which was likely to be permanent. After these witnesses had testified, Dr. S. F. Neely was sworn, and testified that he had not heard the tes *465 timony in the case, that he had just arrived, that he had made an examination of the plaintiff, and from that examination, from the history of the casé as detailed to him by her, and from the statements of her husband, made in her presence to him, he was also of the opinion that the wound had caused neuralgia, which was now chronic and perhaps permanent. ■On cross-examination he re-stated such opinion, and that it was based upon his examination and upon the history of the ■case, as obtained from her and the statements of her husband, and that he had not heard the testimony, and therefore did not know whether such statement and history corresponded to what the plaintiff-had testified to. Defendant thereupon moved the court-to withdraw from the jury all the testimony of Dr. Neely, and his expert testimony and medical opinion, because it was not based upon the testimony or the facts proved, and because the same was incompetent, hearsay, immaterial, and irrelevant. This motion the court overruled, and the defendant excepted, and this ruling is the principal ground of error.
1. Physician, as fon hok°Sd *466 2. Incompetent evidence; opinion, not given,-when. *467 3. Practice; judgreversed1611 not *465 It is insisted that the testimony of a physician, so far as it is expert testimony, must be based either upon personal examination or upon the facts as proved before the jury, or else upon an hypothetical statement. Doubtless this proposition is correct. It is true that within what is meant by the phrase “personal examination” is properly included information derived from statements by the patient of present to . ieehogs and pain., In 1 (Ireenleaf, § 102, it is stated that, “the representations by a sick person of the nature, symptoms and effects of the malady under which he' is laboring at the time are received as original evidence.” See also the case of Bacon v. Charlton, 7 Cush. 581, in which it is held that anything in the nature of assertion or statement is to be carefully excluded, and the testimony confined strictly to such complaints, exclamations and expressions or groans as usually and naturally accompany and furnish evidence of a present existing pain or malady; and generally what a patient says to the physician in describing a *466 present bodily condition is admissible. (Insurance Co. v. Mosley, 8 Wall. 397; Rld. Co. v. Sutton, 42 Ill. 438; Earl v. Tupper, 45 Vt. 275; Towle v. Blake, 48 N. H. 92; Taylor v. Rly. Co., 48 N. H. 304; Fort v. Brown, 46 Barb. 366.) So that it would have been perfectly competent for the physician to have testified not merely to the appearance of the wound as he saw it, but also to all statements made by Mrs. Frazier as to her present bodily condition, and to have given to the jury his opinion based upon such examination and statements. But it would not have been competent for the physi- . . n , , . cían to testify to the iury as to her statements in J ° J respect to the cause of the injury, her past experience in connection with the wound, or any statements of her husband in her presence of like character. In other words, he could not give to the jury as evidence her history of the case as detailed to him outside the court room; neither was his opinion as based upon such history of the case proper matter of evidence. The distinction is very clearly stated and fully considered by the supreme court of Maine in the case of Heald v. Thing, 45 Me. 392, where a physician, who had made an examination and had also received from the patient a history of the case, was permitted to give to the jury his opinion so far as it was based upon his personal examination, but was not permitted either to state what the patient had given as the history of the case, or to give to the jury an opinion based partially or wholly upon such history; and on review, this ruling was sustained. See also the case of Rowell v. The City of Lowell, 11 Gray, 420. So if the witness had been asked for his opinion based upon his examination, her history of the case and the statements of her husband, it would have been error for the court to permit an answer to such question. But the record presents no such ruling. So far as appears, no objections were made to any questions. The testimony was received without objection, and after it was all before the jury the motion made was to withdraw and exclude all the testimony of Dr. Neely. The doctor was a competent witness as an expert, and so far as his opinion was based upon his per *467 sonal examination it was proper testimony; and while it may be argued with force that but one opinion was given, and that based partially upon proper and partially upon improper foundation, and that therefore the opinion as a whole was improperly presented to the jury, yet we think under the circumstances a further examination should have been had, -in order that the court might determine how much his opinion was influenced by the improper facts presented to him. The testimony had all gone to the jury without objection, and now to strike it all out, when to a certain extent his testimony was competent, would seem unjust to the parties. We are the more impressed with the propriety of this ruling, by the fact that five other physicians preceding the witness had each given an opinion to substantially the same effect, and founded alone upon personal examination. To reverse the . _ . , . judgment because the sixth physician appears to have based his opinion partially upon improper considerations, without anything to indicate how far those improper considerations affected his opinion, or whether the statements he so received were or were not in harmony with those testified to upon the trial, would be giving undue weight to what may have been only a technical inaccuracy. (Moore v. Lea’s Adm’r, 32 Ala. 375.)
4‘ usuries; reversea*' The only other matter we shall notice is, the refusal of the court to give to the defendant at the close of the testimony, such time as it desired for preparing special instructions in writing. Rulings of this kind are largely within the discretion of the trial court, and unless it is apparent that such discretion has been abused, its rulings -must be sustained. Now the testimony in this case was limited in extent, and about the only question upon which the jury could hesitate and deliberate, was the amount the plaintiff ought to recover. There were no doubtful or intricate questions of law, no matters which required careful, special and minute instructions. As a matter of fact, the defendant, w^° was rePresented by two counsel, prepared and asked four separate instructions in writing, one of which was given by the court; and we cannot say, in *468 view of the testimony, the questions involved, and the amount of the recovery, that the court abused its discretion in not giving the'defendant further time to prepare written instructions. Again, it is said that, as the court refused to give the defendant time to prepare instructions in writing, and as counsel for the defendant had, at the commencement of the trial, requested instructions in writing, by the following written request: “The defendant respectfully asks and requests the court to generally instruct the jury upon the law of the case, and in writing, and especially upon the interest of witnesses, the relation of witnesses to the plaintiff at the time of the injury, damages, negligence, and preponderance of testimony,” and as the court failed to distinctly charge the jury that the burden of proof is on the plaintiff, therefore the judgment should be reversed. We cannot think that in this any substantial wrong was done to the defendant, because upon the testimony there seemed to be no substantial doubt that the plaintiff was entitled to recover something, and the language of the instructions given implies that the burden is on the plaintiff. The second instruction given by the court reads:
“If you shall find from the testimony that the plaintiff was injured by the negligence of the defendant, and did not contribute thereto herself, you should find for the plaintiff; otherwise, for the defendant.”
This plainly implies that the fact of the defendant’s negligence must be affirmatively made out. Of course we do not say that cases mayr not arise in which the omission of the court to give an instruction like that referred to might not be error sufficient to justify a reversal, but we cannot think the omission in this case sufficiently prejudicial.
There really was but one question for the jury to consider, and that was, how much ought the plaintiff to recover ? The amount of the verdict is doubtless large — $1,000; but it is not so large as to compel interference by the court. The judgment of the district court will therefore be affirmed.
All the Justices concurring.