## HINTZ v. WAGNER.

(140 N. W. 729.)

**Expert testimony — subjects — litigations.**

1. Testimony of experts is admissible in many cases, because the subject of the litigation relates to or involves matters on which people in general are incompetent to form or offer opinions, and because the expert has made a special study of the subject.

**Medical expert — examination — qualifications — case of injury — opinion — witness.**

2. As a general, though not inflexible, rule, a medical expert who has never treated an injured party, and only makes an examination many months after the injury was inflicted, and then solely for the purpose of qualifying him as an expert witness, may not give his opinion as to the cause of the present condition of the party, the extent and effect of the injuries, and their duration, when such opinion is based largely upon a history of the case given by the injured party to the expert for the purpose of qualifying him as an expert witness.

Note.—For a note on the admissibility of the opinions of medical experts, see 59 Am. Dec. 180. And as to opinion evidence of physician as to personal injury, see note in 10 Am. St. Rep. 63.

**Injuries — assault — expert testimony — diagnosis — opinion — personal examination — hearsay.**

3. This action is for injuries occasioned by an assault alleged to have been committed by defendant upon plaintiff. The only expert testimony was given by a physician who had never been called to attend plaintiff or prescribe for her, but who examined her during the progress of the trial, about eighteen months after the infliction of the injury, solely for the purpose of qualifying him as an expert witness. There were no outward evidences of the injury, and he testified that he formed his diagnosis upon the strength of what he found, what he made her tell him, her answers to his inquiries, what she said about the changes from time to time in the past, and her history of her condition during the time between the litigation and the trial. *Held* that, under the circumstances of this case, and such opinion being largely based upon hearsay and statements made out of court, not under oath, and when every temptation and opportunity existed for exaggeration and misrepresentation, such evidence was incompetent, and its admission highly prejudicial to the defendant.

**Medical expert — opinion evidence — history of case.**

4. Testimony of a medical expert should, in general, be confined to the result of his actual investigations, and, when he has never been called to attend or prescribe for the party, should be limited to the conditions he finds on the examination, and to his opinion based thereon.

**Witness — subject — deception — evidence — jury.**

5. Testimony of a medical expert that the plaintiff, whom he examined to qualify him as a witness, could not deceive him as to her condition, was improperly received for the reason that that question was for the jury.

**Injury — services — value — damages.**

6. Evidence was admitted that plaintiff had been unable to perform her household duties since the infliction of the injury, and that it became necessary for a young daughter to aid her in doing her housework. No definite value was fixed on the services of such daughter, and the condition of the evidence on the subject rendered it possible for the jury to include the value of her services in the verdict. *Held*, that it was error to admit such evidence as a basis for damages.

**Testimony — witness — argument — jury.**

7. It was error to permit the medical expert to give testimony in the nature of an argument to the jury in favor of the plaintiff.

**Evidence — witness — error.**

8. The error, in admitting the testimony of the medical expert, based upon the history of the case, etc., given by plaintiff in this case, was not cured by other evidence on the same subject.

**Reversal — technical error — substance — issues — substantial rights.**

9. A reversal on technical error is a reversal on error not going to the substance of the issues or to the substantial rights of a party.

**Testimony of expert — injury — recovery — amount — jury — verdict.**

10. In this case the testimony of the expert to some extent went to the fact of the injury, but very largely to the amount of recovery; and this court cannot determine that, had such incompetent evidence been excluded, the jury would have arrived at the verdict which it found. Such error was, therefore, not a technical error, but went to one of the vital elements of the issues.

**Fair trial — jury — verdict — justice.**

11. Every person is entitled to a legal trial, and, in a jury case, to a verdict which has been reached by a fair submission of the evidence and the law of the case to the jury; and when this has not been done, this court cannot say that justice has been done, but must hold that the verdict has been reached by illegal means.

**Technical errors — criminal appeal act — policy of the law.**

12. In answer to respondent's contention that the errors presented in this record are only technically errors, and his request that the court follow certain provisions of the 1907 English criminal appeal act, and of a bill recently passed by the national House of Representatives, attention is called to the fact that they are but expressions of the policy of the law of this state and of this court for many years.

On Application for Rehearing.

**Appeal — objections.**

13. An objection properly interposed to a general question as to the diagnosis formed on an examination of a party, which objection is based upon the ground that, in laying a foundation for the general question, it was disclosed that the diagnosis was based in part, at least, upon hearsay and other evidence incompetent as a foundation, covers all subsequent questions on the same subject, propounded to the same witness, and having for their object the eliciting of answers necessarily included in the answer to the main question.

Opinion filed February 18, 1913.  On petition for rehearing April 9, 1913.

Appeal from a judgment and order of the District Court of Wells County; *Burke,* and *Coffey,* JJ.

Reversed.

*John O. Hanchett,* for appellant.

If the plaintiff's minor daughters had worked out and earned wages,

such wages would have belonged, not to her, but to Carl Hintz, their father, and are therefore not a proper element of damages in this case. Rev. Codes 1905, § 4092; Am. Dig. Century ed. cols. 2471, 2480, §§ 4466, 4475; Hanson v. Boyd, 161 U. S. 397, 40 L. ed. 746, 16 Sup. Ct. Rep. 571; Miller v. Keokuk & D. M. R. Co. 63 Iowa, 680, 16 N. W. 567; Mackey v. Olssen, 12 Or. 429, 8 Pac. 357; Hazard Powder Co. v. Volger, 7 C. C. A. 130, 12 U. S. App. 665, 58 Fed. 152.

The plaintiff was permitted on her direct examination, over objection, to testify that her condition at the time of the trial was the result of the assault and battery upon her, by defendant. Such was error, since it was a mere opinion or conclusion, and, if proper at all, was a matter for expert testimony, or a question for the jury. Kline v. Kansas City, St. J. & C. B. R. Co. 50 Iowa, 659; People v. Hare, 57 Mich. 505, 24 N. W. 843; Yost v. Conroy, 92 Ind. 471, 47 Am. Rep. 156; Smith v. Northen P. R. Co. 3 N. D. 561, 58 N. W. 345.

A physician who has made an examination of a patient for treatment at the time, or within a short time after the injury, may testify as to a diagnosis or opinion based on such examination. But statements of past suffering or symptoms are excluded. 1 Greenl. Ev. 16th ed. p. 255; Atchison, T. & S. F. R. Co. v. Frazier, 27 Kan. 463.

A physician will not be permitted to give his opinion based partly upon his examination, and, what the party told him of the *past history* of the case. Kreuziger v. Chicago & N. W. R. Co. 73 Wis. 158, 40 N. W. 657; Rowell v. Lowell, 11 Gray, 420.

A physician cannot testify or give his *opinion* as an expert, as to whether the plaintiff was a *strong woman* before the injury. Such evidence is wholly incompetent. Moore v. Chicago, B. & Q. R. Co. 65 Iowa, 505, 54 Am. Rep. 26, 22 N. W. 650; People v. Hare, 57 Mich. 505, 24 N. W. 843; Carter v. Boehm, 1 Smith, Lead. Cas. 286, see note; Ellingwood v. Bragg, 52 N. H. 488.

Upon subjects of general knowledge, with which juries are presumed to be familiar, witnesses must testify as to facts alone, and not as experts. Jones v. Tucker, 41 N. H. 547; Cole v. Lake Shore & M. S. R. Co. 95 Mich. 77, 54 N. W. 638; Hamer v. First Nat. Bank, 9 Utah, 215, 33 Pac. 941; Carpenter v. Calvert, 83 Ill. 70.

*Bessessen & Berry,* for respondent.

It has been repeatedly held that objections to evidence not made in

25 N. D.—8.

the court below cannot be urged on appeal. Decen. Dig. & Key Number Series, Appeal & Error, § 181.

Findings of fact by the trial court are conclusive on appeal. Decen. Dig. Appeal & Error, 1008; Warren v. Nix, 97 Ark. 374, 135 S. W. 896; Bayle v. Morris, — Tex. Civ. App. —, 134 S. W. 767.

If there is any legal evidence touching the issues decided, the findings of the trial court will not be disturbed. See Hardison v. Davis, 131 Cal. 635, 63 Pac. 1005; Yore v. Seitz, — Cal. —, 57 Pac. 886; Wheeler & W. Mfg. Co. v. Barrett, 172 Ill. 610, 50 N. E. 325; Spencer v. Berns, 114 Iowa, 126, 86 N. W. 209; Martin v. Walker, 84 Minn. 8, 86 N. W. 467; Inge v. McCreery, 60 App. Div. 557, 69 N. Y. Supp. 1052; Deegan v. Kilpatrick, 54 App. Div. 371, 66 N. Y. Supp. 628; Neely v. Grayson County Nat. Bank, 25 Tex. Civ. App. 513, 61 S. W. 559; Abeel v. Tasker, — Tex. Civ. App. —, 47 S. W. 738.

If findings are. supported by competent evidence, they will not be disturbed. Spitler v. Kaeding, 133 Cal. 500, 65 Pac. 1040; Herd v. Tuohy, 133 Cal. 55, 65 Pac. 139; Sonoma County v. Hall, 129 Cal. 659, 62 Pac. 213; Baird v. New York, 96 N. Y. 567; Kornder v. Kings County Elev. R. Co. 61 App. Div. 439, 70 N. Y. Supp. 708; Jena v. Third Ave. R. Co. 50 App. Div. 424, 64 N. Y. Supp. 88; Cauhape v. Security Sav. Bank, 118 Cal. 82, 50 Pac. 310; Kelly v. Brown, — Cal. —, 8 Pac. 38; De Celis v. Porter, 65 Cal. 3, 2 Pac. 257, 3 Pac. 120; Hoffeld v. Buffalo, 130 N. Y. 387, 29 N. E. 747; Deuterman v. Gainsborg, 9 App. Div. 151, 41 N. Y. Supp. 185; The City of New York (Alexandre v. Machan) 147 U. S. 72, 37 L. ed. 84, 13 Sup. Ct. Rep. 211; Jeffries v. Mutual L. Ins. Co. 110 U. S. 305, 28 L. ed. 156, 4 Sup. Ct. Rep. 8; Hafelfinger v. Perry, — Colo. —, 121 Pac. 1021; State ex rel. Oolitic Stone Co. v. Central States Bridge Co. 49 Ind. App. 544, 97 N. E. 803; Benbow v. The James John, 61 Or. 153, 121 Pac. 899; Rauchwanger v. Katzin, 82 N. J. L. 339, 82 Atl. 510; Hillman v. Donaldson, 67 Wash. 412, 121 Pac. 866; Hubbard v. Ferry, 141 Wis. 17, 135 Am. St. Rep. 27, 123 N. W. 142.

On evidence fairly justifying either of two inferences, the decision of the trial court must control. Kola Lumber Co. v. Stoughton Wagon Co. 143 Wis. 329, 127 N. W. 974; West Virginia Northern R. Co. v. United States, 67 C. C. A. 220, 134 Fed. 198; Dooley v. Pease, 180 U. S. 126, 45 L. ed. 457, 21 Sup. Ct. Rep. 329, 12 Am. Crim. Rep.

408; McLeod v. Hunter, 49 App. Div. 131, 63 N. Y. Supp. 153; Holmvig v. Dakota County, 90 Neb. 576, 134 N. W. 166; Brogna v. Brogna, 67 Wash. 687, 122 Pac. 1; Schweikert v. John R. Davis Lumber Co. 147 Wis. 242, 133 N. W. 136; Howe v. Stratton, 107 Ill. App. 281.

The burden is on the defendant to show that the greater weight of the evidence is against the findings objected to. Lee v. Dwyer, 20 S. D. 464, 107 N. W. 674.

A married woman has such an interest in her working capacity as will enable her to recover for its impairment. See Powell v. Augusta & S. R. Co. 77 Ga. 192, 3 S. E. 757; Hamilton v. Great Falls Street R. Co. 17 Mont. 334, 42 Pac. 860, 43 Pac. 713; Harmon v. Old Colony R. Co. 165 Mass. 100, 30 L.R.A. 658, 52 Am. St. Rep. 499, 42 N. E. 505; Colorado Springs & I. R. Co. v. Nichols, 41 Colo. 272, 20 L.R.A. (N.S.) 215, 92 Pac. 691; Elijah v. Cowling, 49 Ind. App. 515, 97 N. E. 551; Wrightsville & T. R. Co. v. Vaughan, 9 Ga. App. 371, 71 S. E. 691; Metropolitan Street R. Co. v. Johnson, 90 Ga. 500, 16 S. E. 49. See Lehman v. Amsterdam Coffee Co. 146 Wis. 213, 131 N. W. 362; Skow v. Green Bay & W. R. Co. 141 Wis. 21, 123 N. W. 138; Baxter v. Chicago & N. W. R. Co. 104 Wis. 307, 80 N. W. 644; American Mfg. Co. v. Bigelow, 110 C. C. A. 77, 188 Fed. 34; Smith v. Hoctor, 107 N. Y. Supp. 33; Chicago, R. I. & P. R. Co. v. Batsel, 100 Ark. 526, 140 S. W. 726.

It has been held that an appeal may be withdrawn, after part of the damages found by the jury is permitted by the plaintiff, and that the defendant thereafter proceeds at his own risk, as to costs. Theavenought v. Hardeman, 4 Yerg. 565.

Costs can only be awarded when expressly authorized. Casseday v. Robertson, 19 N. D. 574, 125 N. W. 1045; Whitney v. Akin, 19 N. D. 638, 125 N. W. 470; Engholm v. Ekrem, 18 N. D. 185, 119 N. W. 35; Elfring v. New Birdsall Co. 17 S. D. 350, 96 N. W. 703; Bathgate v. Irvine, 126 Cal. 135, 77 Am. St. Rep. 158, 58 Pac. 442; Baltimore & O. R. Co. v. Pittsburg, C. & St. L. R. Co. 1 Ohio C. D. 60; Summerhill v. Darrow, 94 Tex. 71, 57 S. W. 942; See also Andresen v. Upham Mfg. Co. 120 Wis. 561, 98 N. W. 518; Texas & P. R. Co. v. Davis, —— Tex. Civ. App. ——, 66 S. W. 598; Freeman v. Fuller, —— Tex. Civ. App. ——, 127 S. W. 1194; Ami Co. v. Tide Lumber Co. 51 Wash. 171,

98 Pac. 380; McKeown v. Dyniewicz, 83 Ill. App. 509; Clark v. McDowell, 58 Neb. 593, 79 N. W. 158; Toledo, St. L. & W. R. Co. v. Stevenson, 122 Ill. App. 654.

A party cannot object to evidence of a fact when he permits the same fact to be testified to without objection. Bailey v. Walton, 24 S. D. 119, 123 N. W. 701; Fowler v. Iowa Land Co. 18 S. D. 131, 99 N. W. 1095; Peters v. Kiriakedes, 27 S. D. 371, 131 N. W. 316; Robinson v. Omaha, 84 Neb. 642, 121 N. W. 969; Olmstead v. Red Cloud, 86 Neb. 528, 125 N. W. 1101; Beard v. First Nat. Bank, 41 Minn. 153, 43 N. W. 7; Spoonick v. Backus-Brooks Co. 89 Minn. 354, 94 N. W. 1079; Ashley v. Sioux City, — Iowa, —, 93 N. W. 303; Graham v. Mattoon City R. Co. 234 Ill. 483, 84 N. E. 1070, 14 Ann. Cas. 853; Hunt v. Dubuque, 96 Iowa, 314, 65 N. W. 319; Boston Woven Hose & Rubber Co. v. Kendall, 178 Mass. 232, 51 L.R.A. 781, 86 Am. St. Rep. 478, 59 N. E. 657, 9 Am. Neg. Rep. 496; People v. Chacon, 102 N. Y. 669, 6 N. E. 303; Butts County v. Hixon, 135 Ga. 26, 68 S. E. 786; St. Louis Southwestern R. Co. v. Huey, — Tex. Civ. App. —, 130 S. W. 1017; Anderson v. Minneapolis, St. P. & S. Ste. M. R. Co. 18 N. D. 462, 123 N. W. 281; Doyle v. Eschen, 5 Cal. App. 55, 89 Pac. 836; Daughtry v. Savannah & S. R. Co. 1 Ga. App. 393, 58 S. E. 230; Erickson v. Sophy, 10 S. D. 71, 71 N. W. 758; Indianapolis Street R. Co. v. Taylor, 39 Ind. App. 592, 80 N. E. 436; Knuckey v. Butte Electric R. Co. 45 Mont. 106, 122 Pac. 280; St. Louis & S. F. R. Co. v. Duke, 112 C. C. A. 564, 192 Fed. 306; Neff v. Williamson, 154 Ala. 329, 46 So. 238; Hindle v. Healy, 204 Mass. 48, 90 N. E. 511; Pace v. Louisville & N. R. Co. 166 Ala. 519, 52 So. 52; Poppenhusen v. Poppenhusen, 149 App. Div. 307, 133 N. Y. Supp. 887; Waters-Pierce Oil Co. v. Snell, 47 Tex. Civ. App. 413, 106 S. W. 170; Iowa Homestead Co. v. Duncombe, 51 Iowa, 525, 1 N. W. 725; Edwards v. White, — Tex. Civ. App. —, 120 S. W. 914; Vann v. Denson, 56 Tex. Civ. App. 220, 120 S. W. 1020; New York P. & N. R. Co. v. Wilson, 109 Va. 754, 64 S. E. 1060; Los Angeles County v. Winans, 13 Cal. App. 257, 109 Pac. 650; Atlanta & W. P. R. Co. v. Haralson, 133 Ga. 231, 65 S. E. 437, 21 Am. Neg. Rep. 597; Mutual F. Ins. Co. v. Ritter, 113 Md. 163, 77 Atl. 388; Missouri K. & T. R. Co. v. Gilbert, — Tex. Civ. App. —, 130 S. W. 1037; Small v. Rush, — Tex. Civ. App. —, 132 S. W. 874; Buswell v. O. W. Kerr Co.

112 Minn. 388, 128 N. W. 459, 21 Ann. Cas. 837; Wilder v. Great Western Cereal Co. 134 Iowa, 451, 109 N. W. 789; Raymond v. Glover, 122 Cal. 471, 55 Pac. 398; Medearis v. Anchor Mut. F. Ins. Co. 104 Iowa, 88, 65 Am. St. Rep. 428, 73 N. W. 495; Missouri P. R. Co. v. Fox, 60 Neb. 531, 83 N. W. 744, 8 Am. Neg. Rep. 463.

The testimony of the physician was limited to his opinion or diagnosis based on his medical examination only. In any event, the objection is without merit, because of failure to object properly. Bailey v. Walton, 24 S. D. 119, 123 N. W. 701; Fowler v. Iowa Land Co. 18 S. D. 131, 99 N. W. 1095; Robinson v. Omaha, 84 Neb. 642, 121 N. W. 969; Peters v. Kiriakedes, 27 S. D. 371, 131 N. W. 316; Olmstead v. Red Cloud, 86 Neb. 528, 125 N. W. 1101; Beard v. First Nat. Bank, 41 Minn. 153, 43 N. W. 7; Spoonick v. Backus-Brooks Co. 89 Minn. 354, 94 N. W. 1079; Ashley v. Sioux City, — Iowa, —, 93 N. W. 303; Wheelock v. Godfrey, — Cal. —, 35 Pac. 317; Graham v. Mattoon City R. Co. 234 Ill. 483, 84 N. E. 1070, 14 Ann. Cas. 853; Hunt v. Dubuque, 96 Iowa, 314, 65 N. W. 319; Boston Woven Hose & Rubber Co. v. Kendall, 178 Mass. 232, 51 L.R.A. 781, 86 Am. St. Rep. 478, 59 N. E. 657, 9 Am. Neg. Rep. 496; People v. Chacon, 102 N. Y. 669, 6 N. E. 303; Butts County v. Hixon, 135 Ga. 26, 68 S. E. 786; St. Louis Southwestern R. Co. v. Huey, — Tex. Civ. App. —, 130 S. W. 1017; Anderson v. Minneapolis, St. P. & S. Ste. M. R. Co. 18 N. D. 462, 123 N. W. 281.

There is no error in permitting a witness to testify as to undisputed facts. Hilleboe v. Warner, 17 N. D. 594, 118 N. W. 1047; Hedderich v. Hedderich, 18 N. D. 488, 123 N. W. 276; DeVos v. Caplan, 165 Mich. 77, 130 N. W. 328; Erp v. Raywood Canal & Mill. Co. — Tex. Civ. App. —, 130 S. W. 897; Central of Georgia R. Co. v. Butler Marble & Granite Co. 8 Ga. App. 1, 68 S. E. 775.

The opinion of a physician is necessarily formed in part on the statements of his patient, describing conditions and symptoms, and causes which led to the injury. Such opinion is clearly competent as coming from an expert. Barber v. Merriam, 11 Allen, 322; 5 Enc. Ev. 606, 612, 618; Jones, Ev. pp. 436, 472, § 375; Kansas City, Ft. S. & M. R. Co. v. Stoner, 2 C. C. A. 437, 10 U. S. App. 209, 51 Fed. 649; Consolidated Traction Co. v. Lambertson, 59 N. J. L. 297, 36 Atl. 100; Denver & R. G. R. Co. v. Roller, 49 L.R.A. 77, 41 C. C. A. 22,

100 Fed. 738; Tisdale v. Delaware & H. Canal Co. 4 N. Y. S. R. 312; Louisville, N. A. & C. R. Co. v. Falvey, 104 Ind. 409, 3 N. E. 389, 4 N. E. 908; Corin v. Fitchburg & L. Street R. Co. 181 Mass. 202, 92 Am. St. Rep. 408, 63 N. E. 355.

The admission of incompetent or irrelevant evidence over objection is not prejudicial error where there is in the record undisputed evidence not objected to, on the same issue. Erp v. Raywood Canal & Mill. Co. — Tex. Civ. App. —, 130 S. W. 897; Central of Georgia R. Co. v. Butler Marble & Granite Co. 8 Ga. App. 1, 68 S. E. 775; DeVos v. Caplan, 165 Mich. 77, 130 N. W. 328; Hedderich v. Hedderich, 18 N. D. 488, 123 N. W. 276.

The statement of one or more specific grounds of objection to evidence, is a waiver of all other grounds of objection. St. Vincent's Inst. Co. v. Davis, 129 Cal. 20, 61 Pac. 477; Berliner v. Travelers' Ins. Co. 121 Cal. 451, 53 Pac. 922; Natoma Water & Min. Co. v. Clarkin, 14 Cal. 544; Evans v. Keystone Gas Co. 148 N. Y. 112, 30 L.R.A. 651, 51 Am. St. Rep. 681, 42 N. E. 513; McCulloch v. Hoffman, 73 N. Y. 615; Durgin v. Ireland, 14 N. Y. 322; Tilton v. Flormann, 22 S. D. 324, 117 N. W. 377; Kollock v. Parcher, 52 Wis. 393, 9 N. W. 67; Texas & P. R. Co. v. Watson, 190 U. S. 287, 47 L. ed. 1057, 23 Sup. Ct. Rep. 681; Delaware, L. & W. R. Co. v. Devore, 58 C. C. A. 543, 122 Fed. 791.

An objection to evidence on the ground that it is incompetent, irrelevant, and immaterial cannot be considered on appeal. Decen. Dig. Appeal & Error, § 231; Buchanan v. Minneapolis Threshing Mach. Co. 17 N. D. 343, 116 N. W. 335; Landis Mach. Co. v. Konantz Saddlery Co. 17 N. D. 310, 116 N. W. 333; H. C. Behrens Lumber Co. v. Lager, 26 S. D. 160, 128 N. W. 698, Ann. Cas. 1913 A, 1128.

The object of an objection to evidence is to enable the court to rule intelligently thereon. Paine v. Crane, 112 Minn. 439, 128 N. W. 574; State v. Brandner, 21 N. D. 310, 130 N. W. 941; Zilke v. Johnson, 22 N. D. 75, 132 N. W. 640; Jones, Ev. p. 470, § 375.

It is proper, on the examination of an expert, to require him to state the reasons upon which he bases his opinions. Lewiston Steam Mill Co. v. Androscoggin Water Power Co. 78 Me. 274, 4 Atl. 555; Keith v. Lothrop, 10 Cush. 453; Chicago, R. I. & P. R. Co. v. Johnson, 25 Okla. 760, 27 L.R.A.(N.S.) 879, 107 Pac. 662; Chicago & N. W. R.

Co. v. Cicero, 154 Ill. 656, 39 N. E. 574; Cincinnati v. Scarborough, 6 Ohio Dec. Reprint, 874; Price v. Richmond & D. R. Co. 38 S. C. 199, 17 S. E. 732; McCabe v. Swift & Co. 143 Ill. App. 404; Fowlie v. McDonald, C. & Co. 82 Vt. 230, 72 Atl. 989; Jones, Ev. pp. 473, 490; 5 Enc. Ev. 613, C.; Missouri P. R. Co. v. Fox, 60 Neb. 531, 83 N. W. 744, 8 Am. Neg. Rep. 463; Oxford Junction Sav. Bank v. Cook, 134 Iowa, 185, 111 N. W. 805; Prout v. Prout, 82 N. J. L. 537, 81 Atl. 757; Blake v. Meyer, 110 App. Div. 734, 97 N. Y. Supp. 424; Duer v. Allen, 96 Iowa, 36, 64 N. W. 682; Smith v. Dawley, 92 Iowa, 312, 60 N. W. 625; Parker v. Ottumwa, 113 Iowa, 649, 85 N. W. 805; Kreigh v. Sherman, 105 Ill. 49; Smith v. Chicago, M. & St. P. R. Co. 26 S. D. 555, 128 N. W. 815; Perrott v. Shearer, 17 Mich. 48; Brooks v. Sioux City, 114 Iowa, 641, 87 N. W. 682; Wendt v. Chicago, St. P. M. & O. R. Co. 4 S. D. 476, 57 N. W. 226; Morrisey v. People, 11 Mich. 327; People v. Lohman, 2 Barb. 216; St. Louis, & S. F. R. Co. v. Sutton, — Ala. —, 55 So. 989; Osborn v. Quincy, O. & K. C. R. Co. 144 Mo. App. 119, 129 S. W. 226; Brinsfield v. Howeth, 110 Md. 520, 73 Atl. 289; Stewart v. Watson, 133 Mo. App. 44, 112 S. W. 762; Baltimore & O. R. Co. v. State, 107 Md. 642, 69 Atl. 439; Voisin v. Jewell, 9 La. 112; Tremain v. Dyott, 161 Mo. App. 217, 142 S. W. 760; Wood v. Omaha, 87 Neb. 213, 127 N. W. 174.

Technical errors and objections should give way to justice. Moran v. Dake Drug Co. 134 N. Y. Supp. 995; Rev. Codes N. D. 1905, § 10157; Standard Oil Co. v. Brown, 218 U. S. 78, 54 L. ed. 939, 30 Sup. Ct. Rep. 669; Press Pub. Co. v. Monteith, 103 C. C. A. 503, 180 Fed. 357.

Exemplary damages are properly allowable in this case. Rev. Codes N. D. 1905, § 6562; Shoemaker v. Sonju, 15 N. D. 518, 108 N. W. 42, 11 Ann. Cas. 1173.

SPALDING, Ch. J. Plaintiff brought this action to recover damages for injuries sustained in a personal altercation with the defendant, over some live stock belonging to him which had trespassed upon land belonging to plaintiff's husband. We do not find it necessary to enter into a detailed statement of the evidence adduced at the trial. A verdict for $2,000 was returned in favor of plaintiff. A new trial was denied on

plaintiff consenting to a reduction of the verdict to $1,740. From the order denying a new trial, and the judgment entered in plaintiff's favor, this appeal was taken. A new trial must be granted. The most important error consisted in the admission of the testimony of an expert witness, and this will be first considered.

1. Plaintiff and some of her witnesses testified to the altercation over the live stock and as to the injuries inflicted upon her by the defendant, her visits to a physician and his prescriptions for her. No attempt appears to have been made to subpœna such physician, until the time of the trial, when he was found to be absent in Canada on a visit. The assault found by the jury to have been committed was made November 6, 1908. The trial occurred in July, 1910. Dr. Per Oyen was called to give his opinion as to the extent of her injury and the ailments claimed to have arisen therefrom, their permanency, etc. He had never treated the plaintiff professionally. He testified that he had known her by sight for a year or two, but had only been acquainted with her two weeks, having, during that time, been called to attend a member of her family, and that he examined her on each of two days during the trial, for the purpose of qualifying himself to testify as an expert; and over objection he was permitted to tell the jury as to the character and extent of her ailments occasioned by the assault complained of and as to their permanency, such testimony being in corroboration of that of the plaintiff and other witnesses, but going directly to the amount of damages which the jury might award her, it being a case in which the amount awarded was largely within the discretion of the jury. He testified that he formed his diagnosis upon "the strength of what I found there, what I made her tell me, her answers to the inquiries I propounded. I diagnosed on that. . . . I began to look into her symptoms, and asked her about it, and wanted to know about the changes from time to time, month after month, in the past, and went through the whole history."

It must be borne in mind that there were no visible evidences of the injury complained of; that is, no scars or wounds visible, at the time of Dr. Oyen's examination. She claimed to have suffered from headaches, nervousness, sleeplessness, heart, and other troubles, and that at the time of the trial she was still suffering to some extent from them, and that they all resulted from the assault of the defendant; that by

reason of these things she had been unable to do housework for six months after the assault, and only a little after that time. It is apparent that, under the circumstances, his opinions must have been mainly formed from Ler statements of past conditions. The broad question is whether testimony of the doctor, giving his opinion as an expert, as to the extent of her injuries, their probable duration and their effect upon her, based not solely upon what he found by a personal examination or on what she told him for the purpose of enabling him to prescribe for her, but upon her history of the case, dating from the time of the injury to the day of the trial, as well as upon what he observed, or the conditions he found on examination, was properly received. We are not disposed to lay down an inflexible rule on this subject. 1 Greenl. Ev. § 162 b, note, 14. We can imagine a case wherein evidence of this nature might possibly be obtained and in which it might be properly admitted, but this is not such a case. Dr. Oyen was the only medical witness testifying, and upon his opinion the jury was to find, in a very large degree, the extent of her injuries and the amount which she would be entitled to recover, if they found in her favor on the facts. What she told him as to the assault, as to the nature of the injuries inflicted upon her, as to how they affected her between the time of the altercation and the trial, was stated out of court, not in the presence of the defendant or his counsel, not under oath, and solely with a view to qualifying the doctor as an expert and for the bearing it might have upon the verdict, and especially upon the amount of the recovery. The circumstances were such as in no manner to serve as a substitute for an oath, and every opportunity and every temptation was presented, enabling the plaintiff to shade or color her statements with reference to using the doctor as a witness. No more opportune occasion could arise for a party to make self-serving declarations than is disclosed in this record. The result was that the doctor in testifying as to his opinion was usurping, in a measure, the province of the jury. Expert testimony is admissible in many cases, because the subject of the litigation relates to or involves matters which human kind in general are incompetent to or form or offer opinions on, and it becomes necessary to call upon those who have made a special study of the subject under consideration, who are employed or engaged in a line of work which involves the constant investigation and consideration of

such questions; and when they are called as witnesses the scope of their testimony is fairly well limited, and should, in general, be confined to the result of their actual investigations, and not based upon hearsay evidence, self-serving declarations, or statements of other parties made under circumstances admitting of coloration or exaggeration for its effect upon the verdict. A physician called at the time of the injury or near it, when the plaintiff is suffering directly from the injury, and before litigation is contemplated or commenced, may ordinarily base his opinion in part upon what the patient tells him, to enable him to prescribe for his relief. The temptation to misstate, or to exaggerate, or to assign the suffering to the wrong cause, is then insignificant, and the yielding to such temptation, if any, is improbable. The desire to effect the relief of pain or suffering, and to recover, removes in a large measure the temptation to misstate, and the statements made under such circumstances ordinarily become a part of the *res gestæ*. But these reasons do not exist a year and eight months after an injury, and after the commencement of litigation, and when the injured person is relating the history of his case, his symptoms, and his condition solely for the purpose of qualifying the expert as a witness. The authorities on this subject are generally in harmony, although some are cited in treatises as supporting the admission of such evidence; but on an examination of such cases we find few, if any, of them sustaining the points to which they are cited. Reference will be made to them after a brief consideration of some of those supporting our conclusion.

In summing up as to the competency of an expert opinion based upon information which the expert has derived from private conversations with third parties, Dean Rogers in his work on Expert Testimony, at § 46, says that it has never been held that this may be received, and that this does not apply to opinions based in part on statements made by the *patient* to the physician to enable the latter to determine upon a proper course of treatment. Some authorities fail to disclose whether the opinions received were from medical experts who had treated the party, or whether they were called only for the purpose of giving testimony, as in the case at bar. He also lays down the rule, in § 47, at page 161, that the physician cannot give to the jury as evidence either the patient's history of the case, statements in respect to the cause of the trouble or as to past experience with it; *"neither can he express an*

*opinion which he bases on such history or statements as to past experience.*"

The supreme court of Michigan, in Grand Rapids & I. R. Co. v. Huntley, 38 Mich. 537, 31 Am. Rep. 321, held that exclamations of pain were properly excluded from evidence when they were made at a medical examination, which was solely for the purpose of obtaining testimony. To the same effect, see Darrigan v. New York & N. E. R. Co. 52 Conn. 285, 52 Am. Rep. 590, 11 Am. Neg. Cas. 250. The Connecticut court says that to admit them would be to permit "parties to introduce in evidence their own declarations made out of court, not under oath and when the temptation to exaggerate, and even to utter untruths, would be pretty strong." In Atchison, T. & S. F. R. Co. v. Frazier, 27 Kan. 463, the physician who had made an examination of the plaintiff was permitted to testify, from such examination and from the history of the case as detailed by the plaintiff to him, and from statements made by her husband in her presence to him, as to the cause of the malady with which the plaintiff was afflicted; and Judge Brewer, writing the opinion holding this evidence incompetent, says that it would have been perfectly competent for the physician to have testified not merely to the appearance of the wound as he saw it, but also to all statements made by Mrs. Frazier as to her present bodily condition, and to have given to the jury his opinion based upon such examination and statements; *but that it was not competent for the physician to testify as to her statements in respect to the cause of the injury, her past experience in connection with it, or to give his opinion as based upon such history of the case.* And in Heald v. Thing, 45 Me. 392, the court of that state sustained the trial court which permitted a physician, who had made an examination and received a history of the case, to give his opinion as far as it was based upon his personal examination, but he was not permitted to state what the patient had given as the history of the case, or to give the jury an opinion based partially or wholly upon such history.

In Kreuziger v. Chicago & N. W. R. Co. 73 Wis. 158, 40 N. W. 657, it was held that it constituted error to receive as evidence the testimony of a physician upon what the plaintiff and her mother told him, a year and a half after the accident; and the court remarks that such testimony is grossly incompetent and unsafe by all authorities and by

common reason. And in Comstock v. Georgetown Twp. 137 Mich. 541, 100 N. W. 788, the supreme court of Michigan holds that expressions of pain, physical or otherwise, made to physicians called by plaintiff, not to give medical aid but to make up medical testimony, are inadmissible, and cites many authorities in support of its conclusion.

In the case at bar the physician testified at length as to his methods of examination, and stated in effect that the plaintiff could not deceive him as to her condition. In the recent case of Marshall v. Wabash R. Co. 171 Mich. 180, 137 N. W. 89, a reversal on a second trial was ordered, largely because the medical expert who had been called to make the examination to qualify him as a witness was permitted to testify that, in his opinion, the plaintiff was not simulating, on the ground that that question was for the jury; and it was held that the witness should have been confined to the conditions he found and to his opinion based thereon. In harmony with our conclusions is Russell v. Lowell, 11 Gray, 420, where it was held that a surgeon who attended and prescribed for the plaintiff, once three months after the accident, and examined the injuries again after the action was brought, may be allowed to testify to his opinion of the injuries derived from what he saw, but *not from any statements of the plaintiff*. And in Quaife v. Chicago & N. W. R. Co. 48 Wis. 513, 33 Am. Rep. 821, 4 N. W. 658, 10 Am. Neg. Cas. 472, the Wisconsin court held that, where an opinion of an expert is based upon an examination as to the party's present condition, for the purpose of giving evidence and not for the purpose of giving medical advice, an objection would probably be well taken to allowing the expert to take into consideration the party's statements made at such examination; that such statements would be subject to a suspicion that they were made for the purpose of getting an opinion favorable to her. In that case, however, the expert opinions were received because the examination was not sought by the party, and her statements were made in answer to interrogatories put by experts supposed to be impartial, if not hostile, to her, and were made subject to a full cross-examination by the experts, so that there was but very little probability that they were mislead or influenced by any colored or false statements. That is one of the authorities cited as supporting the admission of the testimony of the expert in cases like that at bar.

We will now briefly consider some of the authorities to which we have referred and others cited by respondent to sustain the action of the court in admitting this testimony. In Kansas City, Ft. S. & M. R. Co. v. Stoner, 2 C. C. A. 437, 10 U. S. App. 209, 51 Fed. 649, it was not stated as a general rule that evidence of a physician should be admitted when based in part on statements of past feelings, but that, on the physician's testimony in that case, the fact that there was no conflict of evidence as to the injury, and that the statements to which objection was made were brought out in cross-examination, rendered the evidence nonprejudicial. Consolidated Traction Co. v. Lambertson, 60 N. J. L. 457, 38 Atl. 683, is a strong authority for the appellant. We quote from the syllabus:

"The declarations of a person as to his symptons, made to a physician or surgeon, not for the purpose of treatment, but for the purpose of leading the physician or surgeon to form an opinion to which he may testify as a witness for the declarant, in a suit brought by him for personal injuries, are not admissible in evidence at the instance of the declarant."

This rule, however, was modified in that case, because the court found that the objectionable statements as to past condition were supported by other uncontradicted testimony. In Denver & R. G. R. Co. v. Roller, 49 L.R.A. 77, 41 C. C. A. 22, 100 Fed. 738, the questions objected to were hypothetical questions, and the testimony discussed is that of the party who had been the physician of the injured one for several years; and his testimony was based upon his attendance upon her as a physician; and the court held that it was not error to permit him to give his opinion as to the cause of his patient's condition from his own knowledge from his attendance, treatment, and examinations, although based in part upon her statements and complaints made at different times as to her pains and sufferings. It has no bearing upon the case at bar.

Barber v. Merriam, 11 Allen, 322, also cited, simply goes to the competency of the testimony of a physician as to his conclusions from examining the party as a patient; and the opinion discusses the propriety of admitting the testimony of a physician as to the declarations of the party, made to her physician in attendance for the purpose of giving medical advice and treatment; and that the fact that the state-

ments made in that case by the patient to her physician were, some of them, made after the commencement of the action, only went to the weight of the evidence of the physician. In Kelly v. Pittsburgh, C. C. & St. L. R. Co. 28 Ind. App. 457, 91 Am. St. Rep. 134, 63 N. E. 233, in a very brief opinion, the court seems to sustain the position of respondent, but it does so on the assumption that it is following Barber v. Merriam, supra, which we think it failed to construe correctly. At least it is contrary to the great weight of authority. In Louisville, N. A. & C. R. Co. v. Falvey, 104 Ind. 409, 3 N. E. 389, 4 N. E. 908, the court does not assume to pass upon an opinion based upon a past history of the case, given by the injured party to the expert long after the injury was sustained; hence not in point. In Illinois C. R. Co. v. Sutton, 42 Ill. 438, 92 Am. Dec. 81, the court holds that the expert may state what his patient said in describing his bodily condition, if said under circumstances which free it from all suspicion of being spoken with reference to future litigation, and give it the character of *res gestæ;* but the question involved was quite different from the one in the case at bar. It related to the competency of the expert's repetition of what the injured party told him. In Louisville, N. A. & C. R. Co. v. Snyder, 117 Ind. 435, 3 L.R.A. 434, 10 Am. St. Rep. 60, 20 N. E. 284, the court held that the statements of the injured person descriptive of present pains or symptoms are always competent, although narratives of past occurrences are inadmissible. And in Atchison, T. & S. F. R. Co. v. Johns, 36 Kan. 769, 59 Am. Rep. 609, 14 Pac. 237, the court held that in that case the question went to the weight of the evidence. It said, if the declarations are made to a physician or other person merely for the purpose of obtaining testimony in the party's own case, they might be of very little value, and possibly might, in some cases, be wholly excluded; and that generally they should be allowed to go to the jury; but in that case the evidence to which objection was made was the testimony of parties not physicians, as to what the injured person has told them at different times, between the time of the injury and the trial, when she said she was suffering. We gather very little from any of the authorities to support the action of the trial court in permitting the testimony of the physician that is objected to in the case at bar. We do not say that testimony of this character may not be admissible in some cases and under different

circumstances. As at first indicated, we think the rule may not be inflexible, but, as we shall show later, it was highly improper to receive it in the case at bar.

2. Another error assigned relates to testimony regarding wages of one daughter of plaintiff, and the condition of plaintiff making it necessary for another daughter to remain at home and do the household work; and it is contended that, although the court modified the judgment to the extent of the wages of the daughter, on which a definite value was placed, yet that the jury may have taken into consideration, as a basis for a portion of the damages found, the services of the younger daughter, on which no evidence was offered of value. While we think it a dangerous practice to permit such vague and indefinite evidence to go to the jury, as rendering it possible for them to find damages of this sort, yet we are unable to say, from the record, that the error is prejudicial. Of course the wages of the minor daughters belonged to the father, rather than to the plaintiff, so, as furnishing a partial measure of damages, it was wholly incompetent.

3. Error is also assigned on the admission of certain testimony of the doctor which was in the nature of an argument, in favor of the respondent, to the jury while he was under oath. Without going into particulars regarding this, we hold it erroneous to admit it, and in any new trial it should be excluded. But we shall not at this time say that its receipt was prejudicial.

4. Respondent contends that the error in admitting the testimony of Dr. Oyen regarding his diagnosis was cured by subsequent testimony as to the same things. That such error may often be cured in this manner is true, but he was the expert witness on whose testimony the plaintiff relied to establish, in part, the character of the injuries, their extent, and their permanency; and we are unable to find that there was any prior or subsequent evidence on this subject which can be in any manner held to cure this error.

5. This disposes of the appeal, but we feel required to call attention to the claims of counsel for respondent, found in the last six pages of his brief, wherein he argues that this judgment can only be reversed on technicalities. He makes the stock argument seen in so many newspapers, and in the writings of so many laymen, as to the crime of reversing judgments on technical error. The fundamental fallacy in

his argument consists in assuming that a reversal for the errors disclosed in this case is a reversal on a technical error. On his theory no case should be reversed in which there is any evidence to support the judgment. A reversal on technical error is a reversal on error not going to the substance of the issues or to the substantial rights of the party. He entirely overlooks the fact that every person is entitled to a legal trial, to have his property taken only by due process, and, in a jury case, on a judgment which has been reached by a fair submission of the facts and the law of the case to the jury. In the case at the bar the question as to the responsibility for these injuries—that is, as to who was the aggressor—and the nature of the attack made by the defendant upon plaintiff, was in dispute, with evidence on these points in direct conflict. When such a condition is found and at the same time this court finds incompetent and highly prejudicial evidence received over proper objection, how can this court determine that if such evidence had been excluded, as it should have been, the jury would have arrived at the verdict which it found? The testimony of Dr. Oyen did not go primarily to the fact of the injury, but it was a substantial portion of the evidence before the jury on which it must have based its finding as to the extent of the damage. Without his opinion before the jury—an opinion based on hearsay and self-serving declarations of the plaintiff, on statements made out of court, and not under oath, when the occasion afforded the plaintiff every temptation to exaggerate, and made to a physician who admitted he had been employed by counsel for plaintiff to post him on the medical features of the case, and the only medical expert in the case,—can this court say that the jury would have returned a verdict of equal amount? On the contrary, must not the court presume that, in the absence of the objectionable testimony, a verdict of a different amount would have been reached? The vital questions were the liability of the defendant, and, if liable, the amount of damage. When testimony is received in this way and under such circumstances, and which goes to one of the vital elements involved in the litigation, no court can say that justice has been done; but on the contract the court must say that there has not been a legal trial, and that the verdict has been reached by illegal means. We have seen much, of late, in magazines and newspaper articles criticizing the courts for rendering decisions on technicalities (as they term

it), but, like respondent, they assume that a decision based on any proposition except the guilt or innocence of a party, or the finding for the plaintiff or defendant, is one rendered upon a technicality. Herein they err. Some such discussions commend courts of other states for adopting a rule to disregard technical error, which rule has been in force in this court for years, and is followed without any advertisement of that fact to the world, and, we think, consistently followed.

Respondent cites a section of the new English criminal appeal act, and seems to commend it to the consideration of this court, but, although of recent enactment in England, it but voices the attitude of this court on the subject, and the law of this state as announced and enacted long before 1907, when the English statute was enacted. When the amount of the verdict is based on incompetent and prejudicial evidence, what court can say that, in the language of the English statute, "no substantial miscarriage of justice has actually occurred," or, in the words of a bill recently passed by the national House of Representatives, to which reference is made in the brief, that the error "does not injuriously affect the substantial rights of the party complaining?" It is impossible to say what the verdict would, or should, have been had this evidence been excluded, or even that there would have been a verdict in plaintiff's favor. The order and judgment of the District Court are reversed and a new trial granted.

BURKE, J., being disqualified, did not participate in the above decision.

## On Petition for Rehearing.

SPALDING, Ch. J. Respondent has filed a petition for rehearing. It is a very carefully and ably prepared document, and sets forth very clearly counsel's views regarding the questions decided in our original opinion. The writer does not ordinarily consider supplementary opinions on petitions for rehearing as of much value, but the importance of the questions involved in this case, and the apparent misapprehension of counsel as to the decision of the court as to some of them, or the failure of the court to make its meaning clear, leads him to reply to the most important points attempted to be made by counsel, in his

effort to show that the court overlooked questions decisive of the case and duly submitted.

The first contention is that the court has entirely overlooked the nature of the question asked of Dr. Oyen, and erroneously assumes that it calls for hearsay testimony. A careful re-examination of the record leads us to the conclusion that counsel's interpretation of the court's opinion is too narrow. He assumes that we hold the question, "What diagnosis did you form, Doctor, in your examination of her?" to be objectionable only in form. Such was not our intention. If his diagnosis had not been clearly shown to have rested in part at least upon an improper basis, the question would have been proper. But we are called upon to consider the foundation laid for this question. That foundation consisted in the testimony previously given by the doctor as to how he reached his conclusions, and the premises on which they rested. The objection covered this ground. The doctor had been examined in detail with reference to his examination of the plaintiff, from which examination, in all its parts, he formed his opinion called for in the question. His testimony regarding the method of examination was not incompetent. It was his conclusion derived from such examination that was incompetent, and hence appellant was not required to object to questions calling for a description, nor of his method of examination and the basis of his opinion. A proper objection to the final question calling for his opinion, and his conclusions from such examination, was all that was necessary. He testified as to the condition in which he found her by certain tests which he applied; that he formed a diagnosis on the strength of "what he found there, what he made her tell him, her answers to the inquiries propounded;" and that the usual way for a physician to form a diagnosis of a person who comes to him is from all symptoms found, and also from the history of the cases related by the patient; that he must base his conclusion on what he finds, and on what he observes, and on what the patient tells him. This is undoubtedly a correct method to aid in laying a foundation for the question, when the witness is a physician whose patient the plaintiff had been, and who had heard her history of the case to enable him to prescribe for her; but that is not this case, as we have above noted. The mistake of respondent consisted in pursuing the same method of examination that he would have followed had plaintiff

been a patient of the witness, and the opinion founded upon information obtained in treatment. Dr. Oyen made no examination of the plaintiff for many months after the injury was inflicted. He had never been called to prescribe for her, and did not examine her for the purpose of prescribing, but solely to qualify him as a witness in her behalf, and his examinations were made on two days during the progress of the trial. We think the question objected to was clearly inadmissible, and all testimony under it incompetent.

The second point respondent makes is that the doctor later testified to his diagnosis, without objection. It is clear that this fact does not cure the error. The question to which objection was made was comprehensive, and the objection covered all testimony given under that head, even though in response to a repetition of that question or of other things which were necessary elements involved in that question, when propounded to the same witness, and particularly when not covered by the testimony of other witnesses of the same class; that is, experts. Every practising attorney knows that constantly interposing objections, and repeating them, and calling for a ruling of the court on the admission of answers to nearly every question, prejudices the jury against the party making the objections. Courts are not required to listen to and decide repetitions of the same objection when wholly unnecessary to protect the rights of a party. An objection properly interposed to a general question covers all subsequent questions on the same subject propounded to the same witness, and having for their object the eliciting of answers necessarily included in the answer to the main question. Subsequent objections are not required in a case like this. The objection to the general question intended to bring forth the opinion of the witness as to the condition, etc., of the plaintiff was sufficient to cover subsequent questions of the same nature, and to secure a review of the errors in the admission of testimony of like character from the same witness. This question has already been passed upon by this court in American Mortg. Co. v. Mouse River Live Stock Co. 10 N. D. 290, 86 N. W. 965, and the court said: "There was a general objection that said deed was incompetent, and to this was added the specific objection that no 'foundation' had been laid, and that it did not appear that E. M. Prouty had any record title, or any title whatever. Defendant was chargeable with notice that when he offered a record of an original in-

strument in evidence, preliminary proof is needed as a foundation for such secondary evidence, and in this case the attention of defendant's counsel was called to the fact that the proper foundation had not been laid." And the court held that reiterated objections were unnecessary, as all of the evidence was of the same quality and class. See also Salt Lake City v. Smith, 43 C. C. A. 637, 104 Fed. 457, an opinion by the circuit court of appeals of this circuit. It is there said that: "The single exception which they took presented the entire question of the introduction of this hearsay testimony, and elicited a ruling of the court upon it which was conclusive and controlling at that trial of this case. There was no reason or call for further objections to evidence of this character, and their only effect would have been to annoy the court and to delay the trial. When a question has once been fairly presented to the trial court, argued, and decided, and an exception to the ruling has been recorded, it is neither desirable nor seemly for counsel to continually repeat their objections to the same class of testimony, and their exceptions to the same ruling, which the court has advisedly made as a guide for the conduct of the trial." See also Sharon v. Sharon, 79 Cal. 633, 22 Pac. 26, 131; Gilpin v. Gilpin, 12 Colo. 504, 21 Pac. 612; Whitney v. Traynor, 74 Wis. 289, 42 N. W. 267; Jones, Ev. § 894. The testimony of the doctor in the case at bar clearly shows that his opinion was founded upon not only his physical examination of the plaintiff during the progress of the trial, but upon her history of the case given him while he was making such examination. His evidence on this subject was not entirely cumulative, as he was the only physician who testified. Neither was it cured, as contended by respondent, by the introduction in evidence of prescriptions given by the doctor who had attended her after the injury, as they were of medicines which were suitable for ailments which might have arisen from one or more of many different causes, if such prescriptions were admissible at all. In this connection we may remark that counsel is also in error in his argument that we base our opinion upon a misunderstanding that the doctor testified that the assault and battery was the cause of the present condition of plaintiff. The language used in the opinion, if susceptible of such construction, was intended to mean the cause generally, and not specifically. Technically we suppose the meaning of the objectionable question in its use of

the word "diagnosis" might be limited, but in the testimony preliminary to that question he had shown in what sense the word was used, and it comprehended, as used, all that our opinion states. He criticizes our citation of Atchison, T. & S. F. R. Co. v. Frazier, 27 Kan. 463, as an authority, because in that case the history of the case was told to the expert in the presence of the plaintiff by her husband. We are not able to distinguish between the principle announced in that case and the case at bar. Neither are we, as to the other cases, criticized in the petition. In each we think the principle announced is either fully or partially applicable to the instant case.

We think that we have herein covered all the questions raised in the petition that merit notice. We may, however, add that a large part of respondent's original brief was devoted to the discussion of the sufficiency of the evidence to sustain the verdict, and the logic of counsel's argument is that where there is evidence to sustain the verdict the judgment should not be reversed, regardless of the admission of incompetent and prejudicial evidence. The question of the sufficiency of the evidence was not in this appeal. It is true that in this case other witnesses testified to the injuries inflicted and the apparent results, but Dr. Oyen was the only physician who testified, and his testimony must necessarily have had great weight with the jury, and bore directly upon the measure of damages. It is nowhere claimed that it goes to the fact of the injury. As to that the evidence was in conflict, but, having found that the defendant injured the plaintiff, the jury had other duties to perform in reaching a verdict. It was necessary for it to find the amount of damages, and this finding would depend on the permanent effect of the injuries, the probability of a recovery, complete or partial, not simply the extent of the incapacity of the plaintiff to labor, according to her own opinion, but such incapacity, if any, as one competent to judge of its permanency and whether it came from natural causes or some unnatural cause, would testify to; and great care was, under the circumstances, incumbent upon counsel and the court to admit no incompetent evidence which might tend to magnify the damages, or to admit an expert opinion based upon any suspicion which might furnish an erroneous foundation. The petition for rehearing is denied.