No. 34,182

CECILE SHURTZ, *Appellee*, v. THE NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY, *Appellant*.

(92 P. 2d 70)

Opinion filed July 8, 1939.

*Austin M. Cowan, C. A. McCorkle, W. A. Kahrs, Robert H. Nelson* and *Henry L. Butler,* all of Wichita, for the appellant.

*O. Renn* and *George Templar,* both of Arkansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action on a life and accident insurance policy. It was tried by the court, judgment was for plaintiff, and defendant has appealed.

Defendant issued a policy to Clarence A. Shurtz, a young man about seventeen years of age, in which his mother, the plaintiff, was named as beneficiary. The policy contained a provision that, —

"Upon receipt of due proof that the insured . . . has sustained bodily injury, solely through external, violent and accidental means, . . . and resulting in the death of the insured, . . . the company will pay, in addition to any other sums due under the policy, . . . a benefit for death by accidental means equal to the face amount of insurance stated in the policy. . . ."

In the petition it was alleged that on July 7, 1937, Clarence Shurtz was pitching hay in a barn, and in doing so strained himself and tore, bruised and broke his pancreas, which resulted in immediate death, and that the injuries resulting in his death were due wholly to accidental, external and violent means. The answer was a general denial. Defendant paid into court the full amount of the principal sum of the policy, $132, and it was stipulated that the sole question for determination was whether the deceased met his death through external, violent and accidental means, as provided for under the terms of the policy. A jury was waived, the trial court heard the evidence and found generally for the plaintiff, and rendered judgment accordingly.

In this court appellant contends that the court erred in overruling its demurrer to plaintiff's evidence; that there was no competent evidence to support the judgment, and that the judgment was based on conjecture, surmise and speculation. The evidence disclosed that prior to the day of his death the insured was strong, healthy, and never had been ill or attended by a doctor. The insured lived on a farm with his parents. On the day of his death he was working for a Mr. Martin, who lived across the road from his home. Mr. Martin was mowing oats and putting them in the barn loft with a hay fork. The insured was mowing back the hay in the loft. Late in the evening when Mr. Martin came to the barn with a load he found the insured lying dead near his fork in the haymow. He had mowed back about half of the hay, which would take about twenty minutes. Martin had been gone about thirty minutes. That evening, or the next day, an autopsy was performed

by three physicians in the presence of the coroner. The physicians examined the different organs, including the heart, lungs, kidneys, intestines, bowels, and found all organs examined to be apparently normal, with the exception of the pancreas. His pancreas was filled with blood and had ruptured internally. The pancreas is a long organ, divided into two bodies, and lies directly across the abdomen within the intestines. The insured apparently died from hemorrhage of the pancreas, resulting in acute pancreatitis.

The questions argued on the appeal relate almost entirely to the testimony of the physicians who conducted the autopsy. Each of the physicians testified that in his judgment the rupture of the pancreas was caused by trauma, a blow of some kind, and that his conclusion was reached from the examination made independently of the history of the insured's health, and that the same conclusion was reached when the result of their examination and the history were considered together. There was no external evidence on the body of a blow, but the testimony was that the position of the pancreas and the texture of its tissues were such that it might be ruptured by a blow which left no mark externally on the body. We note the provisions of the policy do not require a showing of external marks on the body.

Appellant points out that one of the doctors, in his direct testimony, in giving his judgment as to the cause of death, stated that he had taken into consideration the history of the patient as well as his examination, and cases (*A. T. & S. F. Rld. Co. v. Frazier*, 27 Kan. 463; *Priest v. Life Insurance Co.*, 116 Kan. 421, 227 Pac. 538) are cited to the effect that in such a case the history should not be taken into account. Later, the same physician, however, stated that his judgment was the same when the examination alone was considered. We think there is no such showing here, that the opinion of the physician was founded upon the history of the patient, as to require a reversal of the judgment.

The physicians did testify that sometimes there are ruptures of blood vessels in the pancreas which are not caused by trauma. They further testified that from their examination of the pancreas and the other organs of the body there was no evidence of other causes, and in their judgment the insured's pancreas was ruptured by trauma. Being pressed on cross-examination one or more of them did testify that he would not say that his statement of the

cause of death was "100 percent perfect." From this it is argued by appellant that the evidence on which the finding and judgment of the trial court were founded was based upon pure speculation and conjecture. The point is not well taken. Plaintiff in a civil action is not required to prove his case beyond the possibility of doubt. He is required to prove it only by a preponderance of the evidence; and where reputable physicians, as these were, after a thorough examination, gave their professional judgment that the cause of death was trauma, or an external blow, we think the trial court commits no error in regarding such testimony as meeting the requirements of a preponderance of the evidence, particularly as is the case here, where there was no opposing testimony or other evidence tending to discredit that given by the physicians.

We find no error in the record. The judgment of the court below is affirmed.